### A. R. Livingston *vs.* H. Livingston and others.

The provisions of the 39th rule are not applicable to the case of an answer to which the complainants cannot except for insufficiency.

Where the whole equity of the bill is denied, it is no answer to an application to dissolve an injunction, that the defendant has also incorporated into his answer other matters, which are scandalous, or otherwise irrelevant.

THIS was an application to dissolve an injunction, upon the June 18. coming in of the answer.

*C. M. Stebbins,* for the complainant, objected to the bringing on of the motion, upon the ground that the ten days allowed by the 38th rule of the court for filing exceptions to the answer, had not yet expired. He cited *Satterlee* v. *Bargy,* (3 *Paige's Rep.* 142.)

*C. Bushnell,* for the defendants, stated that in this case the complainant had waived the necessity of an answer on oath from the defendants. And he insisted that the defendants had a right to make the motion at any time after the putting in of their answer, as the complainant could not except to the same for insufficiency.

THE CHANCELLOR said the provisions of the thirty-ninth rule were not applicable to the case of an answer to which the complainant could not except for insufficiency. That by the English practice, as sanctioned by modern decisions, the reference of an answer for impertinence was sufficient cause to be shown in answer to an application to dissolve the common injunction. But that arose from the fact that no exceptions for insufficiency could be filed until after the exceptions for impertinence were disposed of. (*Hunt* v. *Thomas,* 2 *Anst. Rep.* 591. *Fisher* v. *Bailey,* 12 *Vez.* 19.) That the reasons upon which the English practice had been adopted did not apply to the case of an answer to which the complainant had waived his right to except for insufficiency. That by the practice in this court, exceptions for scandal or impertinence and exceptions for insufficiency were to be taken at the same

time and in the same manner. If, therefore, the whole equi-
ty of the bill was denied, it was no answer to the application
to dissolve the injunction, that the defendant had gone further
and incorporated in his pleading other matters, which were
scandalous or otherwise irrelevant.

The motion was then disposed of on its merits.