JUMEL, administratrix, &c. *vs.* JUMEL and LAGARDERE.

Where the intestate, in 1824, gave a bond and mortgage upon a lot of land, of which he was the owner, to secure the payment of $6000; and the lot was afterwards sold and conveyed to B., subject to the payment of the mortgage, who afterwards conveyed the premises to a trustee, for the separate use of the wife of the mortgagor; and after the death of the mortgagor, the cestui que trust of the mortgaged premises who became entitled to the legal estate in the equity of redemption under the provisions of the revised statutes, administered upon the estate of the mortgagor; *Held*, that the mortgaged premises were the primary fund, in equity, for the payment of the bond and mortgage; and that the administratrix, who was the owner of those premises subject to the payment of the mortgage, could not, in the settlement of her accounts as administratrix, be allowed for the principal and interest which she had paid to the mortgagee, subsequent to the death of her husband, the mortgagor.

Where, in a conveyance of real estate, it was expressly stated that it was understood and agreed, by the parties to such conveyance, that the premises were thus conveyed subject to a previous mortgage thereon, executed by the grantee in such conveyance, and to all interest due or to become due thereon; *Held*, that as between the grantor and the grantee, the mortgaged premises were the primary fund for the payment of the mortgage debt.; and that if the mortgagor was afterwards compelled to pay that debt to the mortgagee, he would be entitled, in equity, to be subrogated to the rights of the latter, and to reimburse himself out of the mortgaged premises. *Held also*, that a subsequent purchaser of the premises, from the grantee in such conveyance, took them subject to the same equity; although the deed to such subsequent purchaser did not in terms refer to the lien of the mortgage, or describe the lands as being conveyed subject to such lien

The surrogate, upon the settlement of the account of an executor or administrator before him, has jurisdiction to examine and decide upon all claims between such executor or administrator and the estate of the decedent, whether such claims are legal or equitable; so as to make a final settlement and distribution of the estate, according to the rights of the several parties interested therein.

Where the personal representative of a decedent appeals from a sentence or decree of the surrogate, directing the payment of money by the appellant upon the final settlement of his accounts, and such sentence or decree is affirmed, the respondents are entitled to interest on the sums awarded to them by the judge *a quo;* as damages for the delay occasioned by such appeal.

THIS was an appeal from the sentence or decree of the    July 2.
surrogate of the city and county of New York, made upon
the settlement of the account of the appellant, as the admin-

istratix of S. Jumel her late husband, upon the application of the respondents who were entitled to a distributive share of his estate. And the only question arising upon the appeal was, whether the administratix was entitled to be allowed, upon the settlement of the account, and the distribution of the estate, for the principal and interest of a bond and mortgage, paid by her under the following circumstances :

In September 1824, S. Jumel the intestate, being the owner of the lots and buildings at the corner of Broadway and Liberty streets, in the city of New York, gave a mortgage thereon to E. Berger to secure the payment of $6000 and interest, for which sum the intestate gave his bond to Berger at the same time. In January 1826, S. Jumel conveyed the same lots and premises, subject to the mortgage to Berger, and to all the interest due or to grow due thereon and to all the rights and privileges of the said mortgage, to R. J. Macy, in trust to permit the rents and profits to be received by the agent of Mrs. Jumel, the appellant, during her life and for her separate use, and after her death to reconvey the premises to S. Jumel the grantor or his heirs or assigns, or as he or they should direct and appoint. In May thereafter, the intestate being then in France, he gave to his wife a general power of attorney, whereby she was authorized, among other things, to sell and convey all or any of his real estate in New York, as she should deem best for his advantage and benefit. Under that power she afterwards conveyed the mortgaged premises in fee, to Mary Jumel Bownes, subject to the mortgage to Berger; and in which conveyance she joined with the grantor and her trustee, as assenting to the same. A few days after the execution and recording of this conveyance, M. J. Bownes, the grantee therein, conveyed the same premises, together with other lots in New York, to M. Werckmeister; in trust to receive the rents and profits of the premises thus conveyed, and to pay the same over to Mrs. Jumel the appellant, or at her election to suffer her to use, occupy, and possess the premises and receive the rents and profits thereof for her separate use, free from the control of her then present or any future husband. But in this conveyance to the trustee of the ap-

pellant no mention was made of the mortgage to Berger. The conveyance was for the nominal consideration of one dollar. S. Jumel returned to New York in 1828, and continued to reside there with his wife until the 22d of May, 1832, when he died intestate ; and the appellant administered on the estate. She continued to pay the interest on the bond and mortgage to Berger, from time to time as it became due, until the 25th of November, 1835, when she paid off the principal of the debt, and took a receipt therefor upon the bond, and the mortgage was afterwards duly discharged on the record. The mortgaged premises were fully proved to be worth at least $20,000. Upon these facts the surrogate decided that the administratrix was not entitled to claim, as against the personal estate, the amount of principal and interest she had paid to Berger on the bond and mortgage. From which decisions he appealed to the chancellor.

*B. W. Bonney & Geo. Griffin*, for the appellant.

*J. W. Benedict & C. O. Connor*, for the respondents.

THE CHANCELLOR. The two questions which present themselves for consideration on this appeal are ; whether as between the estate of S. Jumel the intestate, and the owner of the mortgaged premises at the time of his death, the land was the primary fund for the payment of the mortgage debt ? and if so, whether the surrogate was authorized to settle this question between the parties, and to disallow the claim of the administratix to a credit for the amount paid by her for the principal and interest due on the mortgage ? Previous to the revised statutes, where a decedent died seized of real estate which he had himself mortgaged, and where he was also personally liable to the mortgagee for the payment of the mortgage debt, his personal estate was the primary fund for the payment of the debt ; as between the heirs at law or devisees of the mortgagor and the distributees of the personal estate. This case, however, does not depend upon that principle, as this is not a contest between different owners, of the personal property and the real estate, which belonged to the decedent at the time of his death. The question here arises between the estate of

the intestate, and the owner of mortgaged premises which the intestate had sold and conveyed, during his lifetime, by his attorney, subject to the lien of the mortgage. The deed to Mary Jumel Bownes, which, in the absence of any proof to the contrary, I must presume to have been given on an absolute and bona fide sale to her under the power of attorney, recites the conveyance to Macy, in trust, and that M. J. Bownes had contracted with Mrs. Jumel the beneficial owner of a life estate in the mortgaged premises, and with S. Jumel who was the beneficial owner of the remainder in fee, for the absolute purchase of their several rights and interests in the premises ; so as to vest in her, as the grantee of the parties of the first, second, and third parts, an absolute estate in fee simple in the premises, *subject only to the mortgage thereinafter particularly mentioned.* And then the concluding clause of the deed declares it is understood by the parties to the same that the conveyance is subject to the mortgage to E. Berger for $6000, and to all interest due or to grow due thereon. It is not perceived how language could be more explicit, to show the intention of the parties that the grantee was to take the premises subject to the payment of the mortgage. And the grantee having accepted the conveyance subject to that implied condition, she was bound, as between her and S. Jumel the mortgagor, to pay off and discharge the mortgage ; so as to relieve him from personal liability to Berger on the bond. Although this could not deprive Berger of the right to resort to the personal liability of the mortgagor, or to the mortgaged premises, at his election, to obtain satisfaction of his debt, yet if the grantee of the land permitted the debt to be collected of the grantor, upon his bond, instead of paying it herself, as she was bound to do in equity according to the implied condition in her deed, he had an equitable claim to be subrogated to the rights of the mortgagee ; to enable him to reimburse himself by a resort to the mortgaged premises for that purpose. And as this equitable right to resort to the land, as the primary fund for the payment of the mortgage debt, appeared upon the face of that deed, through which the grantee of Mary Jumel Bownes obtained his title, he is chargeable with notice of that equitable right, equally as if

the deed to himself had, in terms, declared that he was to take the premises subject to the payment of that mortgage. Indeed no such constructive notice to Werckmeister was necessary, as he was a mere trustee ; and his cestui que trust was a party to the previous deed, and therefore had actual notice that the land was conveyed to Mary Jumel Bownes subject to that mortgage. This did not create any personal liability, however, on the part of the cestui que trust, to pay off and discharge the mortgage, as she was a feme covert at that time, and could not charge herself personally with the payment of a debt. But the land itself as her separate property in the hands of her trustee was thus charged. And as its value was far beyond the amount of the mortgage and the interest thereon, both at the death of her husband and subsequent to that period, that fund should have been resorted to for payment of the debt, instead of paying it out of the estate of S. Jumel. If a stranger had taken the mortgaged premises subject to the payment of this mortgage, or if the premises had remained in the hands of Mary Jumel Bownes, the original grantee, it would have been the duty of Mrs. Jumel, as the administratrix of her husband, when she paid off the mortgage debt out of his estate, to have taken an assignment of the mortgage ; so as to reimburse the estate out of the mortgaged premises. And if the mortgagee refused to assign the mortgage to her, upon being paid the amount out of the decedent's estate, he might have been compelled to do so, or compelled to resort to the mortgaged premises in the first instance. But as the administratrix was herself the owner of the mortgaged premises, her equitable interest therein, as cestui que trust, being turned into a legal estate by the provisions of the revised statutes, (1 *R. S.* 727, § 47,) she should have paid the mortgage out of her own property, which was the primary fund for that purpose, instead of paying it out of the estate of the decedent in her hands as administratrix. It is evident, therefore, that the surrogate was right in supposing she had no equitable claim to be credited the amount of this debt, or the interest thereon after the death of her husband, in the settlement of her accounts with the estate.

That the surrogate had jurisdiction to examine and settle this equitable claim, in favor of the estate, to reimbursement out of the mortgaged premises, and to make a final settlement and distribution of the estate according to the actual rights of the several parties, whether those rights depended upon legal or upon equitable principles, was settled by this court in the case of *Gardner* v. *Gardner*, upon appeal from a decision of the surrogate of New York, in March, 1838, (*ante*, *p.* 112.)

The surrogate, in stating the account, has credited the appellant with the amount paid by her upon the bond and mortgage to Berger, and has charged her with the same sum as a debt due by her to the estate. But the result is the same as if he had merely refused to credit her with those payments upon the ground that she was not authorized to pay them out of the estate, when she had, in her own hands, the real estate mortgaged ; which real estate was primarily liable, and was an ample fund for that purpose. The appellant cannot, therefore, complain of this mode of stating the account, as she was not prejudiced thereby.

The sentence and decree of the surrogate is affirmed, with costs, to be paid by the appellant. And the respondents are also entitled to interest on the sums awarded to them respectively, by the surrogate, by way of damages for the delay occasioned by this appeal. The cause may be retained here, and an execution may be issued out of this court, to collect the amount due the respondent, including such interest and the costs.