## SUPREME COURT.

### MINOR agt. TERRY, READER AND GEERE.

Where a complaint states all the facts necessary to lay the foundation for an injunction, and the plaintiff swears to them (by verification) positively, the complaint may be used as an affidavit for the purpose ·f obtaining an injunction.   (*This agrees with the decisions in Roome agt. Webb,* 3 *How. Pr. R.* 327; *Krom agt. Hogan,* 4 *id.* 225; *and Schoonmaker agt. The Dutch Church,* 5 *id.* 265: *and is adverse to Milliken agt. Carys,* 5 *id.* 272.)

Under the present system, since the forms of actions are abolished, every action is one upon the case, that is, founded on the particular facts of the case, set forth in the complaint. And in equity, where an injunction is prayed for, the complaint, in most cases, should set out the facts which constitute the foundation of the right, with particularity and minuteness.

In general, "a conveyance subject to a mortgage" is held to mean "subject to the *payment* of such mortgage," unless there be something to indicate a different intention (*see the authorities cited in the case*). Where, in a warranty deed was inserted, not as a part of the granting clause, an independent recital, as follows: "The above described premises are subject to a mortgage to David Barton and Benjamin Sweet," after which followed the usual covenant of warranty against all incumbrances—*held*, that the legal construction was, that the clause amounted only to the statement of a fact, which was not inconsistent with the covenant of warranty; and left the question, whether the premises were conveyed subject to the payment of the mortgage, open to parol proof.

Under the present practice, a motion to dissolve an injunction, may be made and opposed upon affidavits of any number of witnesses; it therefore becomes a matter of judicial discretion, upon balancing the evidence adduced, to dissolve it or not.

*At Chambers, August* 1851. *Motion to dissolve an injunction.* The injunction was granted to restrain the defendant Terry, from selling, a piece of land, upon an advertisement for the foreclosure of a mortgage pursuant to the statute. It was allowed on a complaint duly verified, and an affidavit. The complaint stated that

Terry was the assignee of a mortgage, originally executed, by the plaintiff and Libbeus Geere to David Barton, for $531·50, under the following circumstances: On the first of April 1848, the plaintiff and the defendant Geere, purchased jointly of one Benjamin Sweet, two pieces of land, the one called the Dean lot and the other the Barton lot; Sweet holding a contract for the last mentioned lot, executed by the owner, David Barton, on which was due $381·50, for the purchase money. That they purchased these lots and took deeds, running to them jointly. That to secure the purchase price, they executed two mortgages to Sweet, and one to Barton, and included a piece of twenty-six acres of land belonging to the plaintiff individually, in the mortgage to Barton, to secure in addition to the $381·50 a sum of $150, which was advanced by Barton to enable the purchasers to pay off a certain incumbrance on the Dean lot. That in the early part of April 1849, the plaintiff and Geere, agreed between themselves to divide the land between them, Geere taking the Barton lot, *subject to the incumbrances on it*, and the plaintiff the Dean lot, subject to the liens upon that. That Geere had sold to one Reader the Barton lot, subject to no more than the $381·50; and the plaintiff had sold his twenty-six acres and warranted the title; and that the defendant Terry had advertised the whole premises for sale, and threatened to sell the twenty-six acres *first*. The plaintiff prayed for relief, and an injunction prohibiting the sale of the twenty-six acres till after the rest of the land embraced in the Barton mortgage had been sold. The affidavit, which was placed before the officer who allowed the injunction, omitted all mention of the division of the premises, and the taking of the Barton lot by Geere subject *to the payment of the Barton mortgage*, and of the sale of the twenty-six acres by the plaintiff; and rested solely on the allegation, that the twenty-six acres of the plaintiff's individual property had been mortgaged for the joint benefit of the plaintiff and Geere; and was now threatened to be sold to pay a joint debt. The motion was made on affidavits, alleging that the twenty-six acres were included in the Barton mortgage for the reason that the additional $150 was the *private*

17

*debt* of the plaintiff, and equitably should be satisfied out of the twenty-six acres.

J. A. SPENCER and L. D. CARPENTER, *for the Motion.*

BACON & WHITE, *Opposed.*

GRIDLEY, Justice.—The first proposition on which the defendants ask to have the injunction in this cause dissolved is, that the ground stated in the affidavit fails when it appears that the plaintiff has parted with his twenty-six acres of land, and it is insisted that he can not resort to the additional fact that Geere purchased the Barton lot *subject to the payment* of all incumbrances. This reasoning proceeds on the principle stated by Justice SILL in the case of Millikin agt. Carys (5 *Howard*, 272) that the complaint, though positively sworn to, can not be used as an affidavit for the purpose of obtaining an injunction. With great respect for the opinions of Justice SILL, I can not concur with him in this conclusion. His views, in respect to the principles of pleading in suits in equity may be right, or they may be wrong. It is possible that it is not competent *now* to set up all the minute circumstances that formerly might have been embraced in a bill in equity, in a complaint under the present system. But it must be remembered that what the Code has abolished, is the *action for discovery* in aid of the prosecution of another action (*Code,* § 389). In the same action you may, under the present system, obtain a discovery under oath as to all the facts which may be legitimately stated in a pleading. It is enacted that every material allegation in a pleading, not specifically controverted, is *admitted* for the purposes of the action (*Code,* § 168). It should not be forgotten that a complaint in equity, in some of its important aspects, bears a close analogy to a declaration in the old action on the case. In that action, the plaintiff was accustomed to set out the facts of his case, entitling him to relief particularly and at large, as may be seen by consulting the precedents in *Chitty's Pleading,* in actions on the case for torts, to the person, to personal property and to real property. It may be sufficient to refer to the declarations in actions of slander and libel where special

Minor agt. Terry, Reader and Geere.

damages are claimed. The pleader can not content himself by stating the legal conclusion that the defendant uttered actionable words against him, whereby he sustained damages. But he must set out the *particular words,* and in many cases state the *particular circumstances* under which they were uttered; and when special damage is claimed, the *particular way* and *manner by which* the loss or damage occurred. Under the present system, since the forms of actions are abolished, every action is one upon the case; that is, founded on the particular facts of the case set forth in the complaint. So, in a complaint in equity, in most cases where an injunction is prayed for, it is competent to set out the facts which constitute the foundation of the right, with particularity and minuteness. In many cases the facts are so stated that no additional affidavit beyond that verifying the complaint, will become necessary, except in cases where the plaintiff can not swear to all the facts from positive knowledge. In such a case it was always necessary to have the affidavit of a third person. It seems to me, that where the complaint states all the facts necessary to lay the foundation for an injunction, and the plaintiff swears to this positively, it is too narrow a construction of the Code, not to regard the complaint thus verified, as an affidavit. It would be a useless act to restate all the facts, of the complaint over again in the form of an affidavit; and I can not think the legislature intended it to be done. The opinion of Justice SILL is adverse to the decisions in Roome agt Webb (3 *How. Pr. R.* 327), Krom agt. Hogan (4 *id.* 225), and Schoonmaker agt. Dutch Church (5 *id.* 265), and in my judgment is founded on too great a refinement in the construction of the statute.

2. The plaintiff's counsel insists that in and by the *conveyance* of Barton to Geere, the premises were *conveyed subject to the payment of the* $531·50, secured by the Barton mortgage. If that be the true construction of the language contained in the deed, then, the conveyance amounts to an *agreement* between Geere and the plaintiff, that Geere should *assume and pay off the same.* And, in general, " a *conveyance, subject to a mortgage"* is held to mean " *subject to the* PAYMENT *of such mortgage,"* un-

less there be something to indicate a different intention (Jumel vs. Jumel, 7 *Paige*, 591, 594, 595; see also 9 *Paige*, 432, Curtis vs. Tyler; Haley vs. Reed, *id.* 446; 2 *Barb. Ch. R.* 618). If this conveyance thus warrants the construction put upon it by the plaintiff's counsel, it becomes, as evidence, a controlling fact, and is not to be contradicted by parol proof, except with a view of reforming the instrument. On an examination of the deed, however, especially when taken in connexion with the covenant of warranty, I do not think it can be regarded as a *conveyance of the land subject to the payment of the Barton mortgage.* It may have possibly been so intended, but it is not so expressed as to bear that legal construction. The phrase in question is not inserted as a part of the granting clause of the deed, but is a simple recital in an independent sentence as follows: " The above described premises are subject to a mortgage to David Barton and Benjamin Sweet." After which follows the usual covenant of warranty against all incumbrances. The language of the deed is not, that the premises are CONVEYED *subject to the mortgage,* thus making it a *condition* of the conveyance, and a part of the *agreement*; but it amounts only to the statement of a fact, which is not inconsistent with the covenant afterwards inserted. Such, I think, is the legal construction of the deed, which leaves the question litigated on this motion open to parol proof, without incurring the objection of contradicting a sealed instrument.

3. The ground on which the affidavit of the defendants place the merits of this motion is, that when the joint purchase was made of Sweet, and the deed was executed by Barton, there was a sum to be paid on the other lot, which Geere and the plaintiff agreed to *pay down ;* and that Geere paid his part down, which left the plaintiff to pay $100 of this sum from his private funds, and that he borrowed of Barton the $100, and $50 more, making $150, which was his private debt to pay; and that for that reason he put in the mortgage his own twenty-six acres to secure this $150, as his own individual debt, which it really was, and that the mortgage was drawn, embracing the twenty-six acres and the $150 of his private debt, to save the giving of two mortgages.

Under the old system, a *responsive answer, positively sworn to,* where there were no suspicious circumstances, entitled the defendant to a dissolution of the injunction (1 *J. Ch. Rep.* 211; 2 *id.* 202; 4 *id.* 26; 4 *Paige,* 111; 1 *Paige,* 164). And this, notwithstanding the plaintiff. might have witnesses to prove the equity of his bill. Under the present practice, where the motion is made on affidavits and may be opposed by affidavits of any number of witnesses, it becomes a matter of judicial discretion, whether to dissolve the injunction or not. It may, however, be laid down as a general rule, that where the plaintiff has an opportunity to answer the affidavits produced on the part of the defendant by the affidavits of his witnesses, as well as his own, and fails to make a successful answer to the motion, the balance of the evidence being *decidedly* in favor of the defendants, the motion to dissolve the injunction will be granted. It will be regarded as an additional reason for granting the motion, that the main facts on which the motion is opposed, are sworn to only by the plaintiff, who can not be a witness on the trial, and his statement is contradictory to that of several persons who are competent witnesses.

Such, I am compelled to say, is the case with this motion. Geere swears to all the facts from absolute knowledge. Mr. Barton swears to the fact of the giving of the mortgage; that the plaintiff's twenty-six acres were included to save the necessity of giving two mortgages to secure the $150, which the plaintiff admitted distinctly to be his own private debt. Reader swears to a distinct admission by the plaintiff, that the $150 parcel of the $531·50 mortgage was his own debt to pay. And Asa Geere, Calvin Bently and William W. Smith, swear to the same admission. This allegation, thus fortified by so many witnesses, is *denied* by the plaintiff alone; and the plaintiff on the trial can not be a witness. The only other affidavits on the part of the plaintiff are made by persons who heard Geere *say* that he had taken the Barton lot subject to the Barton mortgage. This he admits to be true; but insists that by the Barton mortgage, he only meant the $381·50, which was the true consideration

and balance of the purchase price of the Barton lot, and did not embrace the private debt of Minor; which he regarded as chargeable on the twenty-six acres of Minor's individual property. It certainly is not probable that Minor should include his private property to secure a joint demand of himself and Geere, when, if the Barton lot alone was not adequate security, there is no question that the Barton lot and Dean lot together, were an abundant security.

The motion must be granted, so far as to allow the sale of enough of the twenty-six acres to raise the $150 and interest, and costs of foreclosure.