## Stebbins *vs.* Hall and others.

To constitute a personal obligation upon a party taking a conveyance of lands incumbered by a mortgage, binding him to the absolute payment thereof, something more is requisite than a mere statement, in the deed, that the conveyance is made subject to such mortgage.

To create such a liability on the part of the grantee, the language of the deed should be, either " subject to the payment" of the outstanding mortgage; or, that such mortgage " forms a part of the purchase money, which the grantee in the deed assumes to pay ;" or some equivalent expression which clearly imports that an obligation is intended to be created by one party, and is knowingly assumed by the other.

In all the cases in which a party succeeding to the rights of another, in property, has been personally charged with the duties resting upon his prede-

Stebbins *v.* Hall.

cessor, an agreement, express or implied, has been relied upon. In some instances, the assumption of the obligation has been by an express agreement, and in others it has been implied from the terms of the deed, or the circumstances of the transaction and the acts of the parties; but in no case has a party been charged, except in pursuance of his own agreement, and by his own consent. *Per* W. F. ALLEN, J., and BACON, J.

THE plaintiff Stebbins commenced this suit against Timothy Hough, William and James F. Hall and others, to foreclose a mortgage, executed by Timothy Hough to Robert M. Richardson, and claimed that William and James F. Hall were personally liable for any deficiency arising on the sale of the mortgaged premises, on the ground that they purchased the premises of Hough, and in the conveyance by warranty deed, from Hough to them, was this provision : "Subject also to a mortgage for $3150, given by said Timothy Hough to Robert M. Richardson, dated August 26, 1854, which mortgage the said party of the second part hereto hereby assumes."

The answer of the Halls stated that they never assumed the mortgage ; had never seen or accepted the conveyance with this provision ; and that the same was inserted by fraud, accident or mistake ; but they took the conveyance to secure a debt that Hough owed them, subject to this mortgage, and expressly refusing to become personally liable to pay it. The action was referred to John Porter, Esq., who found and reported, 1. That prior to the date of the deed mentioned in the pleadings, Timothy Hough was indebted to the defendants, William and James F. Hall, in a sum exceeding $500, and that on that day, or shortly before, it was agreed between those parties that $500 of that debt should be paid by the conveyance of the premises mentioned in that deed, from Hough and wife to the said defendants. 2. That the defendants agreed with Hough, to purchase the mortgaged premises at the price of $3650, and after deducting said $500, there would be left unpaid just the amount of said mortgage debt ; that the defendants agreed to take their deed subject to said mortgage, and although Mr. Hall, the witness, doubtless supposed that he

made a bargain which would not impose on them a personal liability for the payment of the mortgage debt, yet that with two witnesses testifying in opposition to his recollection, the referee was constrained to find that no special bargain was made that would exempt the purchasers, the defendants, from the legal effect of taking title subject to the mortgage. 3. That it was agreed by Mr. Hall, the witness, that as he was about to leave for New York, his residence, Mr. Richardson should draw the deed and submit it to Mr. Hillis of Syracuse, their counsel, to whom he had stated their agreement, for his examination and approbation; that said deed was never submitted to Mr. Hillis, nor seen by the defendants, or either of them, after it was executed, until after the commencement of this action, although it was taken to the office of Mr. Hillis, and from thence the same day to the clerk's office, and the recording charged to Hillis & Morgan. 4. That the defendants took possession of the mortgaged premises soon after the date of the deed, paid for making and repairing the fences, paid the interest that fell due upon the mortgage until 1847, and treated the lots as their own. 5. The referee also found and reported that there was due to the plaintiff, upon the bond and mortgage, the sum of $1673.83; that the amount secured to be paid and remaining unpaid, including the interest, was $3347.64, and that the mortgaged premises could be sold in parcels, without injury to the interests of the parties. He also found and reported as conclusions of law applicable to this case, "1st. That as the defendants agreed to purchase the mortgaged premises at the price of $3650, subject to the mortgage, and made no special provision to repel the legal inference of their obligation to pay the mortgage as such purchasers, they are holden to pay the mortgage debt. And they are so holden, without regard to the phrase in the deed by which they are made to assume the payment. 2d. That the objection made by the counsel for the defendants, that the alleged obligation to pay the mortgage is inconsistent with the covenants, and therefore cannot be enforced, is without

Stebbins *v.* Hall.

force, for the reason that such an objection could not be raised, except when the covenant is against the incumbrances, while the deed in question contains no other than the general covenant of warranty." He therefore found that the plaintiff was entitled to judgment against the defendants William Hall and James F. Hall, according to the prayer of the complaint, and ordered the same accordingly. Judgment being entered upon the report, in favor of the plaintiffs, the defendants, the Halls, appealed to the general term.

*Le Roy Morgan,* for the appellants.

*C. B. Sedgwick,* for the plaintiff.

BACON, J. If the learned referee, before whom this cause was tried, had placed his decision either upon the ground that the clause in the deed by which the defendants, William and James F. Hall, in terms assumed the mortgage existing upon the premises conveyed to them, charged them with its payment; or that upon the evidence in the case, as a matter of fact they became thus liable, I should hardly have ventured to dissent from his conclusion. But as I understand his rulings upon the trial, and especially the first conclusion of law contained in his report, he does not place his judgment upon either ground, but takes the broad position that this obligation results from the simple fact recited in the conveyance, that it was taken "subject to the mortgage." It is true that evidence was given upon both sides, to prove and to disprove the positions respectively assumed by the parties—on the one side, that the bargain was that the mortgage was to be assumed and paid, and formed a part of the purchase price of the land; and on the other, that the grantees expressly refused to assume, and become liable for, the payment of the mortgage, and that the clause was inserted in the deed without their knowledge or assent. In some of the rulings upon the trial, also, it would appear as if the referee intended to hold

that, upon the evidence, the bargain was that the Halls should take the land subject to the mortgage, and assume its payment, and that from this agreement and assumption their liability in the case arose.   But other decisions made by him are inconsistent with such a conclusion, and demonstrate that he intended to, and did, take a much broader ground.   Thus when the defendants' counsel insisted that the words, "which mortgage the parties of the second part hereay assume," should be struck out, in accordance with what they claimed to be the evidence showing that they were improperly invserted, the réferee met the objection by deciding that it was unnecessary to pass upon that question, since he had already held that "by taking the land subject to the mortgage, the defendants became liable for the debt."   Still farther on, at folio 115, when the defendants' counsel claimed that the referee should decide, as a matter of fact, whether or not the defendants had accepted the deed, with the provision stating their assumption of the mortgage, the referee declined to pass upon that question, as unnecessary, inasmuch as he had arrived at the conclusion that the defendants were personally liable for the debt, upon the proposition already determined.   And finally, in his report he states, as a conclusion of law, that as the defendants agreed to purchase the premises subject to the mortgage, and made no provision to repel the legal inference of their obligation to pay the mortgage, as such purchasers, they are holden to pay the debt.   "And they are so holden," he adds, " *without regard to the phrase in the deed by which they are made to assume the payment.*"

The decision of the referee, then, manifestly is, that it was immaterial whether or not as a matter of fact the grantees agreed to assume a personal liability in respect to the mortgage ; that the words in the deed by which they in terms assumed it, do not add to their liability, but that it exists by force of the words, "subject to the mortgage of $3150 given by Timothy Hough to Robert M. Richardson;" and conse-

quently that the deed may be read as if it contained those words only, in the clause in question.

From this conclusion I dissent; nor do I think the proposition can be maintained upon principle or authority. To constitute a personal obligation upon a party taking a conveyance with an outstanding incumbrance, binding him to its absolute payment, I think something more is required than a mere statement in the deed that it is subject to the mortgage existing upon it. The natural inference from such language, it seems to me, would be, that the purchaser takes the property incumbered to the extent stated; that he purchases only the equity of redemption of the mortgagor, and that the covenant of warranty on the part of the grantor is qualified by such antecedent clause, so as to except the mortgage from its operation; and that the purchaser takes the chance of realizing enough out of the property, over and above the incumbrance, when it comes to be enforced, to secure to him the balance of the purchase money he has invested by way of advance; or, as in this case, as indemnity for an existing indebtedness on the part of the grantor. To create such a liability as is sought to be enforced here, either the language of the deed should be "subject to the payment" of the outstanding mortgage, or that "it forms a part of the purchase money which the grantee in the deed assumes to pay;" or some equivalent expression which clearly imports that an obligation is intended to be created by one party, and is knowingly assumed by the other. Whenever a party is thus sought to be charged with a duty primarily resting upon another, it must arise either from his express assumption, or from an obligation which the law implies, and casts upon him, from the words of his contract, or the language of his acts. This conclusion, I think, is borne out by the whole current of the authorities to which we were referred on the argument, and some to which no allusion was made. I am aware that in several reported cases, the marginal notes state in general terms and sometimes without any qualification, that where a mortgagor sells the

mortgaged premises subject to the mortgage, the purchaser is bound in equity to pay off the mortgage. But in nearly every case, perhaps in all, where such a liability has been expressed, could we be furnished with the exact language employed in the conveyance, we should probably find that something more was added than the mere statement that the deed was subject to the mortgage. Thus in the case of *Halsey* v. *Reed*, (9 *Paige*, 446,) the language in the deed from which the liability of the grantee was held to arise, was, "which said mortgage is assumed by the party of the second part, and the amount thereof constitutes part of the consideration of this conveyance, and is deducted therefrom." In *Marsh* v. *Pike*, (10 *Paige*, 595,) in the opinion of the chancellor, it is stated that the premises were conveyed to the defendant, subject to the mortgage, "the amount of which was deducted from the purchase money," and which mortgage, it is added, the defendant McLean agreed with the plaintiff to pay off and discharge, either, as we are left to infer, by a clause in the deed to that effect, or by an independent covenant; and it was by force of this agreement that the defendant in that case was declared in respect to the mortgagor to be the principal debtor, and a primary personal liability devolved upon him.

In *Cornell* v. *Prescott*, (2 *Barb. S. C. R.* 16,) the marginal note is, that persons purchasing premises incumbered by a mortgage, and assuming the payment thereof as a part of the purchase money, become in equity the principal debtors, and the mortgagor is liable only as the surety of the purchaser. And in the statement of the case we find not only that in the conveyance the purchasers assumed the mortgage as a part of the purchase money, but executed a bond of indemnity to the grantor, to protect him against his liability on his bond.

The deed in the case of *Blyer* v. *Monholland*, (2 *Sand. Ch.* 478,) contained the clause that the same was subject to a mortgage given by the grantee to Blyer, "which the said party of the second part hereby assumes and agrees to pay." The only controversy in that case was whether this clause was

Stebbins *v.* Hall.

rightfully inserted in the deed; and the vice chancellor having found that it expressed the real agreement of the parties, gave effect to it, and enforced it as a personal covenant to pay any deficiency that might exist upon the sale of the mortgaged premises. And in *Cherry* v. *Monro*, (2 *Barb. Ch.* 618,) in addition to the recital in the deed that the same was taken subject to the mortgages existing on the premises, which were all enumerated, and the amounts due thereon accurately stated, a bond of indemnity with sureties was given to the grantor, conditioned to hold him harmless in respect to all the enumerated and described mortgages in the conveyance.

In *Flagg* v. *Thurber*, (14 *Barb.* 196,) the expression in the deed was, " This conveyance is made subject to one half of a mortgage executed by Thurber," &c., and then it is added, " which the said party of the second part assumes to pay, and which is part of the consideration money mentioned above." The judgment in this case was indeed modified and in part reversed by the court of appeals, in 5 *Selden*, 483 ; but the principle upon which a personal liability was sought to be charged by virtue of the clause in the deed, was not in any respect doubted. Full effect would have been given to it if it had stood alone; but it was neutralized, or rather superseded, by a contract subsequently entered into between the same parties, changing its legal operation.

It is true that the chancellor, in the case of *Jumel* v. *Jumel*, (7 *Paige*, 594,) and Judge Bronson in *Ferris* v. *Crawford*, (2 *Denio*, 595,) use language which imports that in their opinion a clause in a deed declaring it to be taken subject to a mortgage thereon, creates an obligation on the part of the grantee to pay and discharge the mortgage, and thus relieve the personal liability of the mortgagor, upon his bond. But in the latter case it is to be remarked that the precise language of the deed is nowhere stated in the case, but it is alleged that the amount of the mortgage debt was deducted from the price which was agreed to be paid for the land ; and from this, as well as other considerations, the judge said that

the equity of the case required that the grantee should pay the mortgage. And in the case of *Jumel* v. *Jumel*, without stopping to comment particularly upon what was really decided, it should be noticed that the mortgage was twice referred to in the deed, and in such terms as induced the chancellor to say that the language was explicit enough to show the intention of the parties that the grantee was to take the premises subject *to the payment* of the mortgage. In truth the precise question we are now dealing with, did not necessarily arise in either of those cases.

On the other hand, two cases decided in the superior court of New York hold the exact converse of the proposition which the referee in this case maintains in his report, and on which he founds his judgment. *Tillotson* v. *Boyd*, (4 *Sand.* 516,) was a case where a personal liability was sought to be enforced against a grantee in a deed, which contained only the words that the conveyance was subject to a mortgage upon the premises, and the relief sought was denied; the court saying that the omission to insert in the deed a covenant that the grantee would assume the payment of the mortgage, was strong evidence that the parties did not intend that he should be liable. In the case of *Murray* v. *Smith*, (1 *Duer*, 412,) the same question again arose; the deed containing a clause that the conveyance " was subject to the one half part of the mortgage" existing on the premises. The judge, on the trial, ruled that this clause in the deed imposed no obligation, express or implied, on the grantee to pay one half of the mortgage; and the court in full bench approved the ruling, and held that the deed did not of itself impose any obligation upon the grantee to pay any part of the outstanding mortgage. Indeed, under the provision of the revised statutes that no covenant shall be implied in any conveyance of real estate, I do not see how any other conclusion can be reached. It is true that in the case of *Murray* v. *Smith*, a recovery was had; but it proceeded upon an express promise outside and independent of the deed, and upon which the deed was executed and accepted. See

Stebbins *v.* Hall.

also *Trotter* v. *Hughes,* (2 *Kern.* 74,) where the court decide that where a party accepts from a person liable to pay a debt secured by mortgage, a conveyance of the mortgaged premises, *by the terms of which he agrees to pay the debt,* he is liable to the holder of the mortgage for any deficiency remaining after sale of the premises ; and which, by necessary implication, if not in express terms, holds that no such obligation arises where the conveyance is merely declared to be subject to the mortgage, and without any assumption of its payment. Within the authority of these cases, and the principle to be extracted from the others above referred to, and upon which alone they can stand, I think the referee erred in adjudging the defendants in this case liable upon the single ground assumed in his report, that such liability arose from the simple recital in the deed that it was subject to the mortgage existing upon the premises when they received their conveyance. The result is, that the judgment must be reversed and a new trial granted, with costs to abide the event.

W. F. ALLEN, J. The learned referee has based his report and judgment in this action on the fact, that the defendant Hall agreed to take a deed of the mortgaged premises subject to the mortgage ; adjudging, as a legal consequence of that act, a personal liability on the part of the grantees to pay the mortgage debt and indemnify their grantor, who was also the mortgagor. The referee, in effect, holds and decides that a person taking a conveyance of property, subject by the terms of the conveyance to a prior incumbrance, is thereby charged personally with the payment of the incumbrance, unless he secures an exemption from liability by a special agreement with his grantor ; that the liability is a legal result of the act of accepting the conveyance, and does not rest upon the contract of the parties. In the report, and as a part of the finding upon the facts, the referee says that the defendants agreed to take their deed subject to the mortgage ; and although they doubtless supposed they had made a bargain which would

not impose on them a personal liability for the payment of the mortgage debt, yet that no special bargain was made that would exempt them from the legal effect of taking title subject to the mortgage. It is not found that the defendants assumed the payment of the mortgage debt. On the contrary, it is clearly to be implied from the case and facts, as settled by the referee, that there was no agreement on the part of the defendant Hall to pay the mortgage. It is not found that the mortgage debt constituted a part of the purchase money of the premises, and as such was to be paid by the grantees. It is true the referee says that the price was $3650, and deducting the $500 allowed upon the debt of the grantor to the grantees, left precisely the amount of the mortgage debt. Had the referee gone further, and found that the grantees assumed the payment of this as a part of the consideration of the purchase, the case would have been entirely different. The referee has declined to pass upon the question of acceptance of the deed by the grantees as executed by the grantor and mortgagor, and which if accepted by them would make them clearly liable to pay the debt. By the terms of the deed, the grantees are made to assume, in express terms, the payment of the mortgage; but the referee rests his decision solely on the ground first named, to wit, that the taking of a conveyance subject to an incumbrance creates a personal liability, the same in legal effect as would result from a clause in the conveyance expressly assuming and undertaking the payment. This is, I think, farther than the cases have gone. No party can be charged with the payment of the debts of another, except by his consent or agreement; and in all the cases in which a party succeeding to the rights of another in property has been personally charged with the duties resting upon his predecessor, an agreement, express or implied, has been relied upon. In some instances the assumption of the obligation has been by an express agreement, and in others it has been implied from the terms of the deed or the circumstances of the transaction and the acts of the parties; but in no case has a party been charged,

Stebbins v. Hall.

except in pursuance of his own agreement and by his own consent. Had the referee here found from the evidence that the defendant Hall in fact assumed the payment of the mortgage, the judgment of law would have been right. In *Burnett* v. *Lynch*, (5 *Br. & C.* 589,) the assignment of the lease was subject to the payment of the rent and the performance of the covenants contained in the lease, and the lessee was allowed to maintain an action against his assignor for neglecting to perform the covenants during his occupation. The court held that the defendant, by taking the estate subject to the *payment* of the rent and the performance of the covenants, had made it his duty to pay the rent &c., and that the law would imply a promise as arising out of that duty. The estate was subject to the payment of the rent and performance of the covenants, and it was not to be supposed that the assignor intended to perform the acts upon which the estate of the assignee depended. *Steward* v. *Walridge*, (9 *Bing.* 60,) was also the case of an assignment of a lease subject to the payment of the rents &c., and the courts held that these words imported an agreement. Tindall, C. J. said he was unable to put any other construction on the words than that they imported an assent on the part of the defendant that he would perform all the covenants in the original indenture of lease.

A conveyance subject to the payment of a mortgage has been held, repeatedly, to amount to an agreement on the part of the grantee to assume and pay off the mortgage; and it is said, in one or two cases, that a conveyance "subject to a mortgage" is equivalent to a conveyance "subject to the payment of such mortgage;" unless there be something to indicate a different intention. But, within this doctrine, the referee in this case, upon the facts found by him, should have given a different judgment, for he has found indications of a different intention. *Minor* v. *Terry*, (6 *How. Pr. Rep.* 208,) is one of the cases in which this idea is advanced; but the question was not in the case, and was not decided by the learned judge. He refers for the principle to several cases in our own court

of chancery; and, upon examination, it will be seen that in no one of them was the question involved or decided by the chancellor. *Jumel* v. *Jumel*, (7 *Paige*, 591,) decides that mortgaged premises conveyed by the mortgagor, subject to the mortgage, become the primary fund for the payment of the mortgage; and that the party succeeding to the title, who was also the administratrix of the mortgagee, could not charge to the estate payments made by her in discharge of the mortgage. It is true the chancellor intimates that the clause would be sufficient to charge the grantee personally, but it was not necessary to decide that question. In *Halsey* v. *Reed*, (9 *Paige*, 446,) the grantee expressly agreed to pay the mortgage, and the amount was by the deed declared to constitute a part of the consideration of the conveyance, and to have been deducted therefrom. A similar agreement and statement was contained in the deed of conveyance in *Russell* v. *Pistor*, (3 *Seld.* 171;) and in that case the question was, whether that part of the mortgaged premises conveyed was the primary fund for the payment of the mortgage. In *Cherry* v. *Monro*, (2 *Barb. Ch. Rep.* 618,) there was an express assumption of the mortgage debt by the grantee, and there was no question as to what the agreement was, or as to the rights of the parties to it, as between themselves. The questions settled in the suit concerned the equities of third persons, growing out of those transactions. These cases, with the exception of *Russell* v. *Pistor*, are relied upon by Judge Gridley for his doctrine in *Minor* v. *Terry*. In *Marsh* v. *Pike*, (10 *Paige*, 595;) there was an express agreement to pay the mortgage. The same is true of *Blyer* v. *Monholland*, (2 *Sandf. Ch. Rep.* 478.) In *Ferris* v. *Crawford*, (2 *Denio*, 595,) the contest was whether the land was the primary fund for the payment of the mortgage debt. There the mortgaged premises were conveyed subject to the mortgage, and the mortgage debt was deducted from the price which the grantee agreed to pay for the land, and it was properly held that the purchaser was bound, in equity, to pay off the mortgage. In *Flagg* v. *Munger*, (14 *Barb.* 196; *S. C.*

Stebbins *v.* Hall.

5 *Seld.* 483,) the grantee, in terms, assumed the payment of the mortgage debt as a part of the purchase money, and no question like that in this case arose. In *Trotter* v. *Hughes,* (2 *Kern.* 74,) the owner of the equity of redemption was not personally liable for the payment of the mortgage, and conveyed subject to the mortgage, and the deed of conveyance contained the statement that the mortgage formed the consideration money in the deed, and it was held that the grantee was not liable to pay the mortgage. The principle which Judge Denio extracts from the cases in our own courts is, that "the acceptance of a conveyance containing a statement that the grantee is to pay off an incumbrance, binds him as effectually as though the deed had been *inter partes,* and had been executed by both grantor and grantee." But the case decides that the principle is not applicable where the grantor was not himself liable to pay the incumbrance, and that when a party thus situated conveys the mortgaged premises, subject to the mortgage, and the grantee engages to pay it off, such agreement must be construed as a mere declaration that the property was conveyed subject to the lien of the mortgage thereon, and that the general covenants of seisin and warranty, in the conveyance, are not intended to extend to this particular incumbrance of which the grantee assumed the payment, in case he should wish to retain the title of lands conveyed to him. It was supposed that this construction of the deed was in accordance with the intentions of the parties and a sound exposition of the law. A grant, then, of premises subject to the lien of a particular mortgage, does not imply a personal engagement to pay it, on the part of the grantee, for the reason that it is no evidence of an intent on his part to assume its payment. The clause has full scope for its operation and effect without operating to charge a party, not only without any evidence from which a promise can be implied, but, as in this case, against his clearly expressed intention, as found by the referee. All personal liability resting in contract must have a foundation in the consent of the party to be charged.

Stebbins *v.* Hall.

There is no rule of law which authorizes courts to charge a party, as upon a contract, contrary to his intent, as evidenced by the contract itself. A conveyance, subject to liens, merely excepts such liens from the operation of the covenants of warranty, and makes the land the primary fund for their payment, as between the grantor and grantee, and the latter cannot retain the land and compel or leave his grantor to pay the incumbrance. The liability must grow out of the contract of the party.

The supreme court of the city of New York decided, in *Murray* v. *Smith*, (1 *Duer*, 412,) that a conveyance of an undivided moiety of mortgaged premises "subject to the one half part of the mortgage," did not create a personal obligation on the part of the grantee to pay one half of the mortgage debt. *A fortiori*, then, the agreement to accept such conveyance would not create a personal liability. The same court, however, held that an actual promise of the grantee to pay the incumbrance might be shown. The deed may be some evidence of the promise, and whether sufficient to charge the party must depend on the circumstances. I should think it not sufficient when the conveyance of the equity of redemption was taken for a hopeless debt, subject to an incumbrance for five times the amount of liability nominally paid by it. The evidence of an intent to assume the payment of the incumbrance would, I think, be wanting in such case, without some evidence other than that of a conveyance subject to the incumbrance, or an agreement to take such conveyance. There is evidence in the cause which the referee did not pass upon, and which may vary the result from that indicated.

The judgment must be reversed, and a new trial granted; costs to abide the event.

PRATT, P. J. concurred.

Judgment accordingly.

[ONONDAGA GENERAL TERM, July 5, 1859. *Pratt, W. F. Allen* and *Bacon,* Justices.]