EZRA W. ACER, Respondent, *v.* DANIEL P. WESTCOTT, GEORGE B. CURTISS, and DEBBY A. CURTISS, his wife, and CHARLOTTE H. BROWN, executrix of MATTHEW W. BROWN, Appellants.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

A purchaser or mortgagee of lands, is presumed to have knowledge of every fact, to which he is led, by a deed forming a link in the chain of his title.

And he does not, in equity, escape from such presumption, because the fact to which he is referred, is the existence of an equitable right, and not a legal one.

W. took a mortgage from C., on premises to which the latter had title under a deed from B. wherein it was recited that: "This conveyance is made in pursuance of a contract of sale of said premises, made and entered into by the party of the first part, for a conveyance thereof to one * * A, of whom the said party of the second part has become the assignee, or purchaser, and as such, entitled to a fulfillment thereof, by virtue of this conveyance; said contract being dated, &c."—*Held,* W. took his mortgage with presumptive knowledge of A.'s equitable right to a conveyance from B., and of the terms of the agreement between A. and C., upon which the latter's right to B.'s conveyance was founded.

And the agreement between A. and C., being for a sale of the premises to which A. had the equitable title under his contract with B., and providing, that on conveyance C. should give a mortgage to B., on said premises, for a balance due from A., and as a next lien thereto, execute a purchase money mortgage to A.; and by means of a subsequent arrangement, for convenience of the parties (but not affecting the agreement between A. and C.,) by which B. was to convey directly to the latter, C. obtained the deed from B., paying her the balance due from A. in money, and before com-

Acer *v.* Westcott.

plying with the terms of his agreement with A., executed the mortgage
to W.—*Held*, W.'s mortgage should be postponed to A.'s equity.

W. had loaned to C. the balance paid to B. on A.'s contract, for the purpose
of such payment, and it was made part of the consideration of W.'s
mortgage.—*Held*, no right to subrogation existed in W., by which his
mortgage could be preferred to the extent of such balance over A.'s
equity.

APPEAL by defendant, on a case and exceptions from a judg-
ment, on a referee's report.

The action was brought to obtain the delivery from the
defendant Curtiss, to plaintiff, of a mortgage for $3,380.20, upon
certain premises, and judgment declaring the same a prior lien
to a mortgage upon the same premises, executed by said defend-
ant, to the defendant Westcott. All the defendants answered
separately, and on the trial the following facts appeared.

The defendant Charlotte H. Brown, as executrix of Matthew
Brown deceased, on the 24th January, 1864, made a contract
with the plaintiff for a sale and conveyance to him of certain lots
on Magne street, Rochester, for the sum of $1,200, and plaintiff
took possession thereof, as he was authorized to do by the terms
of said contract, and put valuable machinery on the property.

On the 24th of April, 1867, the plaintiff entered into a con-
tract with the defendant Curtiss, to sell him the said premises
and certain machinery thereon, with another parcel of land,
and Curtiss was to pay therefor, as follows: the sum of $5,000
in real estate which was specified; a mortgage for $550
to the said executrix, which was to be a first lien on the
premises contracted to be conveyed by the plaintiff; and a
mortgage for $3,380.20 to the plaintiff, which was to be a
second lien thereon; and to insure the premises for $3,000,
payable to the plaintiff to secure the latter's mortgage. It was
provided also in said contract, that the same should remain in
force until the deeds of the premises named therein should be
delivered, and that the parties should interchangeably take pos-
session of such premises on delivery of the contract; and they
accordingly entered into possession as agreed. This contract
was executed in duplicate, and each party thereto had a copy.

Curtiss, desiring to obtain title to a lot on Magne street, belonging to the defendant Brown, as executrix, and adjoining the premises described in her agreement to convey to the plaintiff, he and plaintiff, after the contract between them, went to one Crittenden the agent of said executrix, and made an arrangement with him, with the said owner's approval, by which the deed from her under the contract with plaintiff, was to be made directly to Curtiss, and was to include also the said adjoining lot at the price of $325 ; and said deed was accordingly made out, dated June 3, 1867, from the executrix to Curtiss, reciting a consideration of $1,550, and conveying the premises as stated.

This deed was acknowledged by the executrix June 4th, and left with Crittenden, her agent, on the 5th June, and on the last named day, Curtiss called on Crittenden and obtained the deed from him, on payment of $600, which included the $550 due on the contract between the grantor and the plaintiff, and the execution of a mortgage to the said grantor for $281.50, and on the same day the said deed was recorded.

After receiving the deed from the defendant, Brown, and on the same day, and without complying with the terms of his contract with plaintiff, Curtiss executed a mortgage on the property conveyed, and delivered it to the defendant, Westcott, conditioned for the payment of $6,000 ; the consideration for this mortgage was money and securities to the amount of $1,750 then advanced by the mortgagor to Curtiss, and $550, also advanced in money, to be paid by Curtiss to his grantor, as due on plaintiff's contract with her, and so paid, and the balance, an antecedent debt, from the mortgagor to the mortgagee.

It was this mortgage which the plaintiff claimed to have postponed to the lien of the mortgage for $3,380.20, which he claimed should be executed by the defendant, Curtiss, to. him, in pursuance of their contract.

The deed from the defendant, Brown, to Curtiss, contained the following recital, viz.:

"This conveyance is made in pursuance of a contract of sale of said premises, made and entered into by the party of the first part, for a conveyance thereof to one Ezra W. Acer, of whom the said party of the second part has become the assignee or purchaser, and as such, entitled to a fulfillment thereof, by virtue of this conveyance; said contract being dated January 29, 1864."

The agent, Crittenden, testified that he had not been directed by plaintiff to deliver the deed, and the testimony of the plaintiff and one May was, that plaintiff had requested Crittenden to retain it, until such direction, as he had made large investments in the property, over and above the purchase money. Crittenden also testified that he had given the deed, on the representation to him by Curtiss, that plaintiff had consented thereto. Westcott testified that, on taking the mortgage, a statement or certificate had been obtained from Crittenden, at his (W.'s) suggestion, which was put in evidence, as follows:

"I hereby certify, that on or about the 4th day of April, 1867, Ezra W. Acer, the vendee named in a land contract from Mrs. Charlotte H. Brown, for lots 55, &c., fronting on Magne street, Rochester, authorized the vendor, through me, as her attorney, to convey the same to George G. Curtiss, Esq., assignee of said Acer's interest therein, upon security for a payment of the sum then remaining unpaid on said contract, being $550, as of April 1st last.

ROCHESTER, *June 4th*, 1867.

DE L. CRITTENDEN,
*As Attorney for Charlotte L. Brown.*

He also testified that he relied very much on said certificate, did not ask to see the assignment from plaintiff to Curtiss, mentioned in it, and that it did not occur to him there was any written contract to assign, that he supposed it was merely verbal, that he supposed the property was paid for, and did

Acer v. Westcott.

not know whether the contract was present or not, that he had heard nothing of it.

*George F. Danforth*, for the appellant.

*W. F. Cogswell*, for the respondent.

Present—E. D. SMITH, JOHNSON and J. C. SMITH, JJ.

By the Court—JAMES C. SMITH, J. The referee decided that by the true construction of the contract between the plaintiff and Curtiss, the latter was bound to give to the former the mortgage provided for in the contract, concurrently with the receiving of the deed of the premises, which mortgage should be the next lien to the mortgage to Mrs. Brown. He also decided, that by the recitals in the deed from Mrs. Brown to Curtiss, the defendant, Westcott, is chargeable with notice of the equitable rights of the plaintiff to such mortgage. The correctness of these rulings is not questioned, so far as they relate to the construction of the contract between Acer and Curtiss, but the appellant's counsel contends that the referee erred in holding that Westcott is chargeable with notice of Acer's equitable rights.

There is no evidence that Westcott had actual notice, and the inquiry is therefore confined to the point, whether, upon the facts found, he is chargeable with constructive notice, that Acer was equitably entitled to a mortgage on the premises, the lien of which should be superior to his own.

In the first place, it is clear that Westcott, as the incumbrancer of Curtiss' title to the premises, is chargeable with notice of the contents of the deed from Mrs. Brown, by which Curtiss acquired such title. This results, from the familiar and well established rule, that a purchaser (and the term includes an incumbrancer) is presumed to have looked to every part of the title, which is essential to its validity. (*Brush* v. *Ware*, 15 Pet., 93, 111; *West* v. *Reid*, 2 Hare, 249, 260, 261; *Jumel* v. *Jumel*, 7 Paige, 591; *Briggs* v. *Palmer*, 20 Barb., 392; S. C. on appeal, 20 N. Y., 15, and 21 id., 574.)

Indeed, this position is not controverted by the defendant's counsel, so far as it relates to the deed from Mrs. Brown,

by which Curtiss acquired the legal title to the property. That it is equally applicable, in a court of equity, to the assignment from Acer to Curtiss of the equitable title, seems apparent from the following considerations.

By the rule above stated, Westcott is chargeable with notice, not only of the deed from Mrs. Brown to Curtiss, but also of its contents, so far as they affect the title to the premises covered by his mortgage. The deed contains a recital in these words: " This conveyance is made in pursuance of a contract of sale of said premises, made and entered into by the party of the first part, for a conveyance thereof to one Ezra W. Acer, of whom the said party of the second part has become the assignee or purchaser, and, as such, entitled to a fulfillment thereof, by virtue of this conveyance; said contract being dated, January 29, 1864."

This recital, if Westcott looked at it (and it is to be presumed that he did), informed him that, prior to the execution of that conveyance, Acer, by a contract with Mrs. Brown, had acquired a right in equity to the same title in fee which the deed purported to convey to Curtiss; and that whatever right Curtiss had to such conveyance was by virtue of an assignment or purchase from Acer. Westcott thus knew that, so far as such equitable title was concerned, Curtiss acquired it, not through the deed from Mrs. Brown, but by virtue of a prior purchase or assignment from Acer of his contract; and as the deed purported on its face to be executed in fulfillment of the contract by which such equitable title was created, he also knew, that unless the purchase or assignment of such contract was valid, Curtiss had no right to the legal title.

The contract of sale or assignment from Acer to Curtiss was therefore a direct and important link in the chain of title, and Westcott is presumed to have made himself acquainted with its provisions so far as they affected the title incumbered by his mortgage. By the terms of that contract, Curtiss expressly agreed with Acer to execute a mortgage on the property for $3,380.20, with interest, and to insure the premises for $3,00C payable to Acer to secure the mortgage.

Acer v. Westcott.

The general rule is, that when a purchaser cannot make out a title, but by a deed, which leads him to another fact, he shall be presumed to have knowledge of that fact. (Story Eq. Jur., vol. 1, p. 428, § 399.)  " Indeed," says Judge STORY, " the doctrine is still broader; for, whatever is sufficient to put a party upon inquiry (that is, whatever has a reasonable certainty as to time, place, circumstances and persons), is, in equity, held to be good notice to bind him." (Id.) In the present case, the contract was in writing, and each party to it had a duplicate in his hands.  The recitals in the deed directed Westcott with certainty to the contract and the parties to it; and as, on inquiry of either of the parties, he could have learned the terms of the contract, he is presumed to have acquired the information which would have resulted from such inquiry.

Westcott testified before the referee that he did not know the contract between Acer and Curtiss was in writing; that he supposed it was verbal, and that he also supposed Acer had been paid in full.  If he relied on his suppositions in respect to these particulars, instead of making such reasonable inquiry as was in his power, he did so at his peril.  He was not misled by the recitals in the deed.  The deed asserts nothing contrary to the fact that the purchase money from Curtiss to Acer was unpaid, and that Acer was entitled to a mortgage on the property to secure its payment.

The doctrine, that a purchaser is presumed to have knowledge of every fact to which he is led by a deed, forming a link in the chain of his title, is none the less applicable to the contract between Acer and Curtiss, because such contract transferred a purely equitable interest in the land, and not a legal title.  The equity of Acer, as has been said, was a right to a conveyance, which would vest in him the entire estate, legal and equitable.  While that right resided in him, the legal title outstanding was a mere shell.  Westcott's mortgage would have been of but little comparative value as a security, if such equity had not been subjected to its lien.  The case is, therefore, fully within the reason of the rule above stated, and Westcott is presumed to have looked at the contract from

Acer, because it was essential to the validity of his mortgage, or rather to its sufficiency for the purpose for which it was executed.

Westcott being chargeable with notice, his entire mortgage should be postponed to Acer's equity.

It is insisted on his part, however, that in any event, he should be preferred to the extent of the $550, advanced by him to Curtiss, and by the latter paid to Mrs. Brown. That position cannot be maintained, unless Westcott is entitled to be subrogated to the right of Mrs. Brown, to have such sum recovered by a first mortgage. No such right of subrogation exists. Westcott did not deal with Mrs. Brown. He lent the money to Curtiss for the purpose of enabling him to pay Mrs. Brown, and procure a deed, and upon the express agreement, that Curtiss should execute a mortgage for his security. Curtiss paid, and extinguished the $550 claim. None of the parties intended that the claim should be transferred or kept alive. It being extinguished, Acer's equity is the first lien remaining. The judgment should be affirmed with costs.

Judgment affirmed.