By the Court.—Sedgwick, Ch. J.
The question made by appellant on this appeal arises from the following facts. '
■ The plaintiff was the administrator of James Garvey, who died intestate. The intestate, at the time of his death, was in actual possession of a house and lot, which was incumbered by a mortgage made by him to secure his bond. He appeared from the record to have title. The administrator paid the bond and a satisfaction of the mortgage was made by the mortgagee. Afterwards the administrator ascertained that James Garvey had conveyed the property to Michael Morrison, subject, as expressed in the conveyance, to certain mortgages, of which the satisfied mortgage was one. Afterwards Morrison reconveyed the premises to James Garvey, the conveyance not alluding to the mortgage. Afterwards, according to the 6th finding, James Garvey conveyed to John Garvey. Then James and John made a sealed contract in which John reconveyed to James and James *561 covenanted to convey to the son of John upon the happening of certain events. Neither the last conveyance nor the agreement contained any reference to the mortgage. For the purposes of this appeal it is not necessary to give any further details, excepting that in a suit, to which the plaintiff was not a party, the contract last referred to was enforced so that conveyance was made to John Garvey as the heir of his "son who had died.
On these facts the plaintiff claims that at the time he paid, in satisfaction of the mortgage, he was entitled to be subrogated to the rights of the mortgagee, as against the land, because he was a surety as to that land, the land having been conveyed by James Garvey subject to the mortgage, and that he having paid the mortgage in ignorance of the unrecorded conveyance to Morrison, his right of subrogation still exists.
My opinion is, that the claim cannot be sustained. Conceding that it was apparently the duty of the plaintiff as administrator to pay the bond and mortgage if the intestate had not conveyed the land, yet the reconveyance to the intestate annulled the rights that might have existed in him had he not reconveyed it.
A person buying subject to a mortgage buys an equity of redemption, and a purchaser of the equity redemption pays less, by legal intendment, than the value of the property as it would be, if unincumbered by the amount of the incumbrance. The grantee then has value reserved in his hands to be applied to the incumbrance. Cox v. Wheeler, 7 Paige 257; Vanderkemp v. Shelton, 11 Ib. 34. Such was the state of matters when the conveyance to Morrison was made.
If Morrison had conveyed to another than James Garvey, the grantee would have held the land subject to the equitable right to have the land applied to the mortgage, although the conveyance did not convey, in words, subject to the mortgage. Jumel v. Jumel, 7 Paige 594. The grantee being James Garvey, the mortgagor, he *562 became repossessed of the fund or value which his grantor had formerly held and which was primarily to be applied to the mortgage. Moreover, he took a covenant against incumbrances from which the mortgage was not excepted. It was not mentioned in the deed to him as it had been in the deed by him. The reconveyance put him in possession of the indemnity that was provided in the deed to him.
The subsequent conveyances do not disclose any foundations for an equity like that claimed in the action.
Judgment affirmed with costs.
Truax and Dugro, JJ., concurred.