## MARSH *vs.* PIKE and others.

Where the owner of land gives a bond and mortgage thereon, and afterwards sells the equity of redemption to a third person who agrees to pay such bond and mortgage, and the mortgagor is afterwards compelled to pay the mortgage debt to the owner of the bond and mortgage, such mortgagor is entitled to be substituted in the place of the mortgagee as to the lien of the latter upon the mortgaged premises for the payment of the debt.

And where such grantee of the mortgagor has also conveyed the premises to another person who has agreed to pay off the bond and mortgage, such agreement will enure to the benefit of the mortgagee, as a security received by his debtor for his benefit and indemnity.

Where the mortgagor sells the mortgaged premises to a third person who promises to pay off the bond and mortgage and to indemnify him, such mortgagor cannot compel the mortgagee to file a bill against such third person to foreclose the mortgage, and to compel the latter to pay the deficiency.

But such mortgagor may file a bill in chancery against the mortgagee, and the subsequent grantee who has assumed to pay the debt, to have the debt paid to the mortgagee by such grantee, or from the proceeds of a sale of the mortgaged premises.

THIS was an appeal by the defendant Towle from so much of the decree of the vice chancellor of the first circuit as directs the appellant to pay and discharge the bond and mortgage given by the complainant to the defendant Pike, in exoneration and discharge of the liability of the complainant; and as gives a remedy over against him, by the defendant McLean, if the latter should be compelled to pay the amount due under such decree.

*N. Dane Ellingwood,* for the appellant. The complainant cannot be deemed a surety for the appellant Towle, as

1844.

Marsh
v.
Pike.

March 5.

there exists no privity of contract between them. The complainant has his action at law against the defendant McLean upon the covenant of the latter to pay off the mortgage ; and a like action at law enures to McLean against Towle, upon Towle's covenant to pay off such mortgage. But the complainant has no remedy at law or in equity against Towle to compel him to pay off the mortgage. There is no averment in the bill that McLean is insolvent, or any other suitable averment, in order to lay the foundation of a suit in equity, with the view to make the property itself liable for the debt in question, and naught appears but that the complainant might have had an ample and safe remedy at law.

*George White,* for the respondent. The appellant is personally liable for any deficiency that may remain, after applying the proceeds of the sale of the mortgaged premises in payment of the mortgage. The appellant is also primarily liable as between himself and McLean, his grantor, who is personally and primarily liable before Marsh, the respondent. This primary liability enuring to the respondent's benefit, he may compel the appellant to discharge it.

THE CHANCELLOR. The facts in this case are not disputed ; and the only question is whether the complainant was entitled to the relief granted as against the defendant Towle, upon these facts : In January, 1839, the complainant, who was the owner of lot No. 29, Fourth-street, in the city of New-York, gave to the defendant Pike his bond, conditioned for the payment of $3000 in three years, with interest thereon, payable semi-annually. In April, 1841, the complainant conveyed the mortgaged premises to the defendant McLean, subject to the mortgage, the amount of which was deducted from the purchase money, and which mortgage McLean agreed with the complainant to pay off and discharge. And in August of the same year McLean sold the premises to the defendant Towle, subject to the

mortgage as a part of the consideration of the convey-
ance, and which mortgage Towle agreed to pay off and
satisfy. After the mortgage became due, the complainant
called upon Towle to pay off and satisfy the bond and
mortgage, so as to relieve him from his responsibility upon
his bond ; but he neglected to do so. The effect of these
several conveyances and agreements is, in equity, to place
the complainant in the stituation of a surety for the pay-
ment of the bond and mortgage, and to make the defen-
dants Towle and McLean the principal debtors as to him ;
the first being primarily and the latter secondarily liable
to him for the payment of the debt.

The complainant, therefore, if he had paid the bond and
mortgage to Pike, would have been entitled to be substi-
ted in Pike's place, not only as to the remedy against the
land but also as to the equitable claim against McLean and
Towle who had agreed to pay off the mortgage. This,
however, was not his only remedy ; although the assistant
vice chancellor rightly decided that the complainant could
not compel his creditor to file a bill of foreclosure against
the persons to whom the premises were subsequently con-
veyed, when there was no good reason why the complain-
ant did not pay his bond according to his agreement, and'
take an assignment of the bond and mortgage, and pro-
ceed against the land and the subsequent grantees thereof,
for his indemnity. For Marsh has the right to come into this
court to compel such subsequent grantees, as to whom he
is in the situation of a mere surety, to pay off and discharge
the debt for his protection and indemnity. ( *Warner* v.
*Beardsley*, 8 *Wend.* 199. *Lee* v. *Rook, Mose. Rep.* 318.
*Ranelaugh* v. *Hayes*, 1 *Vern. Rep.* 130.) Here, it is true,
McLean was the person who had agreed directly with the
complainant to pay off and discharge the mortgage, for his
protection and indemnity. But as Towle the appellant had
entered into a similar agreement with McLean, and was
moreover the owner of the mortgaged premises, he was
properly joined in the suit. And the decree was right in
giving to McLean a remedy over against Towle who was in

justice and equity bound to pay off and discharge the debt, as between himself and all the other parties to the suit.

The part of the decree which is appealed from is therefore affirmed, with costs.