LOUISA F. CALVO, Appellant, *v.* THOMAS A. DAVIES et al., Respondents.

Where a complaint states facts sufficient to constitute a cause of action, and in addition facts constituting a defense, the whole must be considered together in determining, upon demurrer, whether the complaint states a cause of action; as well the allegations tending to discharge as those tending to charge the defendant.

Where a deed contains a covenant, upon the part of the grantee, to pay a mortgage upon the premises, executed by the grantor, the relation of

principal and surety is created between the parties, and an agreement by the holder of the mortgage with the grantee to extend the time of payment, made without the consent of the grantor, discharges the grantor.

The complaint, in an action of foreclosure, averred the making of the bond and mortgage by defendant D., a conveyance by D. to L., subject to the mortgage, with covenant on the part of the latter to pay the same; it then set forth an agreement between plaintiff and L. to extend the time of payment, "with the express understanding that the bond and mortgage should remain in every other respect unaffected by the agreement." A judgment for deficiency was asked against D. *Held*, that the "understanding" referred to related to the stipulations in the mortgage other than those as to time of payment; that the agreement did not contain a reservation of the rights of plaintiff to proceed against D.; that by the agreement D. was discharged; and that, therefore, a demurrer by him to the complaint was properly sustained.

(Submitted March 21, 1878; decided April 2, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant Davies, entered upon an order sustaining a demurrer to the complaint on his part. (Reported below, 8 Hun, 222.)

This action was brought to foreclose a mortgage. The complaint alleged in substance the execution of the mortgage by defendant Davies and wife as collateral security for the bond of Davies, the assignment of the bond and mortgage to plaintiff, and that there had been a default, and that there was a specified amount due and unpaid thereon. The complaint further alleged that defendant Davies and wife conveyed the premises to defendant Leslie, who took the conveyance subject to the mortgage, and in and by the conveyance assumed and agreed to pay the same; that on the 21st day of November, 1872, by an agreement between plaintiff and Leslie, "the time for the payment of the principal sum aforesaid was extended from the 8th day of March, 1872, to the 15th day of October, 1874, with the express understanding that the said bond and the mortgage should remain in every other respect unaffected by said agreement;" also, that Leslie subsequently conveyed the premises to

defendant Woodruff. Plaintiff asked judgment for any deficiency against defendants Davies and Leslie.

Defendant Davies demurred, on the ground that the complaint as to him did not state facts sufficient to constitute a cause of action.

*Coudert Brothers*, for appellant. Plaintiff was not bound to allege the consent of defendant Davies to the extension, even assuming such consent to have been necessary. (*Perkins* v. *Squier*, 1 N. Y. Sup. Ct., 620; *Claggett* v. *Salmon*, 5 G. & J. [Md.], 314; *Garnsey* v. *Rogers*, 47 N. Y., 233.) Even if the relation of principal and surety existed between Leslie and Davies, and plaintiff was affected by that relation, it does not necessarily follow that Davies was discharged from liability to perform his obligation. (De Colyar on Guar. & Prin. & Surety [Am. ed., 1875], 418, 419.) The reservation contained in the extension was sufficient to show that plaintiff did not intend to waive her rights as against defendant Davies and operated to preserve her recourse against him. (*Claggett* v. *Salmon*, 5 G. & J. [Md.], 314; *Wyke* v. *Rogers*, DeG. McN. & G., 408; *Green* v. *Wynn*, 7 L. R. Eq. Cas., 28; *Hager* v. *Hill*, 1 Am. L. T. Rep. [N. S.], 137; Byles on Bills, 316; *Ex parte Glendenning*, 1 Buck. B. C., 517; *Ex parte Carstairs*, id., 560; *Ex parte Gifford*, 6 Ves. Jr., 805; *Boultbee* v. *Stubbs*, 18 id., 20; *Nichols* v. *Norris*, 3 B. & Ald., 41; *Kearsley* v. *Cole*, 16 M. & W., 128; *Boaler* v. *Mayor*, 115 Eng. C. L., 76; *Hubbell* v. *Carpenter*, 5 N. Y., 172; *Wagman* v. *Hoag*, 14 B., 232; *Overend* v. *Or*, L. R., 7 H. of L., 348; 11 Eng. R., 44; *Muir* v. *Crawford*, 2 Scotch Apps., 3456; 13 Eng. R., 38; *Wyke* v. *Rogers*, 1 DeG. Mac. & G., 408; Add. on Con., § 1130; *King* v. *McVicar*, 3 Sand. Ch., 192–209; *How. Ins. Co.* v. *Halsey*, 4 Sheldon, 271; *Stuyvesant* v. *Hall*, 2 Barb. Ch., 151; 1 Sand. Ch., 419.) Even if no reservation had been made of the recourse against the so-called surety, the latter would still be liable. (*Meyer* v. *Lathrop*, 10 Hun, 66.) None of the grounds which have

been held sufficient. to exonerate a surety, where an extension has been given, are applicable. (*Morgan* v. *Smith*, 5 N. Y. Wk'ly Dig., 221; *Clark* v. *Sickle*, 64 N. Y., 235.) The doctrine of constructive suretyship and consequent immunity to a principal debtor does not extend so far as to discharge a bondsman from his debt because of an extension of the time fixed in the mortgage given as collateral. (*Levire* v. *Redman*, 1 Q. B. Div., 536; *Neimcewicz* v. *Gahn*, 3 Paige, 614, 650.) Davies could not by any agreement, to which the mortgagor was not a party, free himself from the obligation he had incurred. (Thomas on Mortgages, 71, 74; *Wm. & Mary College* v. *Powell*, 12 Grat. [Va.], 572; *Remsen* v. *Beekman*, 25 N. Y., 552, 561.)

*Henry E. Davies* and *Julien T. Davies*, for respondent. Davies. When mortgaged premises are conveyed by the mortgagor, and his grantee assumes the payment of the mortgage, the latter becomes the principal debtor ; the mortgagor only remains liable as surety of his grantee. (*Cornell* v. *Prescott*, 2 Barb., 16; *Stebbin* v. *Hall*, 29 id., 524; *Russell* v. *Pistor*, 7 N. Y., 171; *Flagg* v. *Munger*, 9 id., 483; *Hartley* v. *Harrison*, 24 id., 170; *Garnsey* v. *Rogers*, 47 id., 233; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253; *Plower* v. *Luce*, 59 id., 603; *Rubens* v. *Prindle*, 44 Barb., 336; *Vrooman* v. *Turner*, Ct. App., 1877 ; *Comstock* v. *Drohan*, Ct. App., Oct. 2, 1877; *Cumberland* v. *Codrington*, 3 J. Ch., 229; *Barker* v. *Bucklin*, 2 Den., 45; *Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 id., 178; *Ranson* v. *Copland*, 2 Sandf. Ch., 251; *Bentley* v. *Vanderheyden*, 35 N. Y., 677; *Marsh* v. *Pike*, 10 Paige, 595; *Vander Kemp* v. *Shelton*, 11 id., 28; *La Farge* v. *Herter*, 11 Barb., 159; *Blyer* v. *Monholland*, 2 Sandf. Ch., 478.) The extension of time granted by plaintiff to Leslie released the surety, Davies. (*Tice* v. *Annin*, 2 J. Ch., 125; *Billington* v. *Wagoner*, 33 N. Y., 31; *Smith* v. *Townsend*, 25 id., 479; *Flower* v. *Lance*, 59 id., 603, 608; *Hubbard* v. *Gurney*, 64 id., 457; *Ducker* v. *Rapp*, 67 id., 471; *Colgrove* v. *Talman*, id., 95.) Plaintiff

was bound to allege in his complaint that the agreement for extension was executed with the knowledge and consent of the surety, and that plaintiff by some valid and effectual agreement reserved her rights against him. (*Close* v. *Close*, 4 DeG. Mac. & G., 176; *Ex parte Glendenning*, Buck's Cas. in Bky., 517; *Wagman* v. *Hoag*, 14 Barb., 232.)

ANDREWS, J. The mortgaged premises became, on the conveyance by Davies to Leslie of the equity of redemption, as between Davies and his grantee, the primary fund for the payment of the mortgage; but the right of the mortgagee to resort to the bond for the collection of his debt was not affected or impaired by the conveyance. Davies could not, by any dealing or contract with Leslie, change the rights of the creditor to proceed on the bond, or compel him to resort in the first instance to the land. (*Marsh* v. *Pike*, 10 Paige, 595.) On the other hand Davies relation to the debt was not changed by his conveyance so as to take away his right as debtor, to pay the debt at any time after it became due, and upon his paying the debt, either voluntarily or by compulsion, he would, upon the doctrine of equitable subrogation, be entitled to be substituted to the mortgage security as it originally existed, with the right to proceed immediately against the land for his indemnity. (*Tice* v. *Annin*, 2 J. Ch., 125; *Vanderkemp* v. *Shelton*, 11 Paige, 28; *Marsh* v. *Pike*, *supra*.) The mortgagee, after the conveyance by Davies, could not deal with the grantee of the equity of redemption, to the prejudice of his right of subrogation, without discharging Davies from liability for the debt, either wholly or *pro tanto*. If, for example, he had, pursuant to an agreement with Leslie, without the consent of Davies, satisfied or released the lien of the mortgage, it is plain that he would thereby, as to Davies, have discharged the debt, at least to the extent of the value of the land. The rule that a mortgagee is bound, in dealing with his security and with the bond, to observe the equitable rights of third persons, of which he has notice, has been frequently

recognized. (*Tice* v. *Annin*, *supra*; *Halsey* v. *Reed*, 9 Paige, 446; *Stevens* v. *Cooper*, 1 J. Ch., 425; *Howard Ins. Co.* v. *Halsey*, 8 N. Y., 271.) And the doctrine that a surety is discharged by dealings between the creditor and principal debtor, inconsistent with the rights of the surety, has been applied, although the creditor did not know, in the origin of the transaction, that one of the parties was a surety, and also when, by an arrangement between two original joint and principal debtors, one of them assumed the entire debt, and this was known to the creditor. (*Pooley* v. *Harradine*, 7 El. & Bl., 431; *Oriental Financial Corporation* v. *Overend, Gurney & Co.*, L. R., 7 Ch. App,. 142; *Millerd* v. *Thorn*, 56 N. Y., 402; *Colgrove* v. *Tallman*, 67 id., 95.)

We think it must be held, upon the authorities, that the rights of the parties in this case are to be determined by the rules governing the relation of principal and surety, and that if the dealings between the mortgagee and Leslie would have discharged Davies, if he had been originally bound as surety only, the action against him cannot be maintained. (*Halsey* v. *Reed*, 9 Paige, *supra*; *Burr* v. *Beers*, 24 N. Y., 178; *Flower* v. *Lance*, 59 id., 603.)

That an agreement by the creditor with the principal debtor, extending the time for the payment of the debt, without the consent of the surety, discharges the latter, is established by numerous authorities, and the court will not enter into the question, what injury the surety has sustained. (*Rees* v. *Berrington*, 2 Ves. Jr., 540; *Rathbone* v. *Warren*, 10 J. R., 587; *Miller* v. *McCan*, 7 Paige, 452.) The plaintiff, in her complaint in this case, sets forth facts which justify a judgment of foreclosure; but she also demands a judgment for any deficiency against the defendant Davies. The defendant Davies interposed a general demurrer to the complaint. The complaint avers the making of the bond and mortgage by Davies, its assignment to the plaintiff, the conveyance by Davies to Leslie in November, 1871, of the equity of redemption, subject to the mortgage, and his agreement

to pay the same, and the amount due and unpaid thereon. If the plaintiff had stopped here a cause of action against the defendant Davies would appear in the complaint; but she further alleges that in November, 1872, by an agreement made by the plaintiff with the defendant Leslie, the time for the payment of the debt was extended from March 8, 1872, to October 15, 1872, "with the express understanding that the bond and mortgage should remain in every other respect unaffected by the agreement."

The agreement, if construed as an absolute agreement for the extension of the time of payment of the mortgage, *prima facie* operated to discharge Davies from liability on his bond. It was valid and binding between the parties, and the mortgage could not be enforced during the time covered by the agreement, either by the plaintiff or by Davies. Davies, on paying the debt, would be entitled to be subrogated to the security, but he would stand in the place of the creditor, and would take the mortgage subject to the agreement. (*Ducker* v. *Rapp*, 67 N. Y., 471; *Bangs* v. *Strong*, 10 Paige, 11.) The learned counsel for the plaintiff contends that the agreement as alleged reserves the right of the creditor against Davies. When, in an agreement between a creditor and the principal debtor extending the time of payment, the remedies against the surety are reserved, the agreement does not operate as an absolute, but only as a qualified and conditional suspension of the right of action. The stipulation in that case is treated in effect as if it was made in express terms, subject to the consent of the surety, and the surety is not thereby discharged. (Story's Eq. Jur., § 326; *Bangs* v. *Strong*, 10 Paige, 18; *Kearsley* v. *Cole*, 16 M. & W., 128; *Oriental Financial Corporation* v. *Overend, Gurney & Co.*, 7 H. of L. Cas., 348; *Morgan* v. *Smith*, 70 N. Y., 537.) But we are of opinion that the agreement alleged does not bring the case within the principle of these decisions.

The "understanding" that the mortgage should in all other respects remain unaffected by the agreement, except as to the time of payment, emphasizes the one purpose of the

agreement, viz., to extend the time of payment. The other stipulations in the mortgage were to remain in force as if the agreement extending the time had not been made. It would be a forced and unnatural construction to hold that the parties designed to reserve to the creditor a right to proceed at once against Davies, which would enable the plaintiff to defeat the sole purpose of the agreement. The court in *Claggett* v. *Salmon* (5 Gill. & Jo., 314) affirmed the decree of the chancellor, who held that the extension relied upon in that case was consistent with the obligation entered into by the sureties, and the agreement expressly provided that it should not interfere with or invalidate the liability of the sureties on the mortgage executed by them.

The further point is taken by the plaintiff that the averment of the agreement of extension may be rejected, leaving it for the defendant to bring the agreement to the notice of the court by answer. But we think the whole complaint is to be considered in determining whether it states a cause of action, as well the allegations which tend to discharge the defendant Davies, as those which tend to charge him.

These views lead to an affirmance of the judgment.

All concur, except MILLER, J., absent.

Judgment affirmed.