LOUIS FLEISCHMANN, RESPONDENT, *v.* JAMES GORDON BENNETT, APPELLANT.

*Action for libel—a demurrer will lie where it appears from the complaint that the libel did not refer to the plaintiff.*

In this action, brought against the proprietor of the *New York Herald*, to recover damages for a libel, alleged to have been published concerning the plaintiff, the complaint alleged that the plaintiff was engaged in carrying on business as a baker and restaurant-keeper, in the city of New York, and was not and never had been in any manner a copartner, owner or agent in

any business or calling, such as described in the libel, or in the production of milk, or distillery swill, so-called, or distillery waste or grain, or owner-ship or care of cows, or keeping or feeding of cows; it then alleged that the defendant published concerning the plaintiff an article, which it set forth in full, which related to a swill milk establishment, kept by Gaff, Fleischmann & Co., in Queen's county.

*Held*, that a demurrer interposed to the complaint, on the ground that it appeared therefrom that the libel was not published of or concerning the plaintiff, should be sustained.

APPEAL from an interlocutory judgment entered upon an order overruling a demurrer to two of the causes of action set forth in the complaint. The action was brought to recover damages for an alleged libel published by the defendant as the proprietor of *The New York Herald*, relating to the swill milk business in Queens county.

The complaint alleged :

" I. That the plaintiff, prior to and at the time of the commis-sion of the grievances hereinafter mentioned, was engaged in business in the city of New York, at the corner of Broadway and Tenth street, as proprietor of the " Vienna Model Bakery," and con-ducted the business of a bakery and restaurant upon said premises.

" II. That, until then, this plaintiff had always maintained a good reputation and credit, and had never been guilty of any vio-lations of the laws of this State, nor been in any manner a co-partner, owner or agent in any business or calling such as described in the libel hereinafter set forth, or in the production of milk, or distillery swill, so-called, or distillery waste or grain, or ownership, or care of cows, or keeping of cows, or feeding of cows, or guilty of any of the offenses charged against him in the libel hereinafter set forth ; nor, until the publication thereof, was he ever suspected to be.

" III. That the business of this plaintiff as bakery and restaurant keeper has always depended largely on the good reputation and credit of this plaintiff, and on the personal trust reposed in him, and in the said articles manufactured and sold by him ; and that this plaintiff, up to the publication of the said libel hereinafter set forth, possessed a valuable and lucrative business and custom.

" IV. That, at the time hereinafter mentioned, the defendant

was the editor, publisher, and proprietor of the "*New York Herald*," a newspaper published daily at the city of New York.

"V. That, on May 13, 1877, the defendant, well knowing the premises, maliciously composed and published concerning the plaintiff, and concerning the premises, in said newspaper, the false and defamatory matter following, to wit:"

It then set forth an article relating to the swill milk business, carried on in Queens county, by Gaff, Fleischmann & Co., but which did not refer to the plaintiff by name or description, nor to his restaurant nor place of business. Five other articles published by the defendant were then set out.

*Elbridge T. Gerry*, for the appellant.

*E. T. Wood* and *W. D. Veeder*, for the respondent.

DYKMAN, J.:

This action is for libel, and the defendant has interposed a demurrer to the first and second cause of action set down in the complaint.

The demurrer is founded on the position that the articles complained of in these two counts were not published of or concerning the plaintiff, according to the portion of the complaint objected to. If this is so they contain no libel of the plaintiff, and the whole complaint must be taken together in determining, upon demurrer, whether it contains a cause of action, as well the allegation tending to discharge as those tending to charge the defendant. (*Calvo* v. *Davies*, 73 N. Y., 211.)

It is alleged in this complaint, almost at its commencement, that the plaintiff had never been guilty of any violation of the laws of this State, nor been in any manner a copartner, owner or agent, in any business or calling such as described in the libel thereinafter set forth; or in the production of milk or distillery swill, or distillery waste or grain, or ownership or care of cows, or keeping of cows, or feeding of cows, or guilty of any of the offenses charged in the libel. It is thus averred that the business of the plaintiff is that of a baker and restaurant-keeper in the city of New York, and he is in possession of a valuable and lucrative business and custom.

Thus the averment is, that the defendant published concerning the plaintiff, and concerning the premises, two articles in the *New York Herald* which are set out, and which have reference alone to Gaff, Fleischmann & Co., distillers in Queens county.

In other words, the plaintiff charges that the defendant published libelous articles concerning him, and sets out the articles complained of, which show that they had no reference either to the plaintiff or his business.

Numerous definitions have been made of what constitutes an actionable libel, but from none has been omitted the important element of application of the libel to the plaintiff. It must be censorious toward the complainant, and our view is that the complaint objected to by this demurrer contains no such element, and has no reference to the plaintiff.

It is as if the plaintiff should say, the defendant, intending a libel on him, published a libelous article concerning another. This, in substance, is what the plaintiff does say.

The judgment appealed from must be reversed, with costs, and judgment rendered for the defendant on the demurrer, with costs; with leave to the plaintiff to amend in twenty days on payment of costs.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment reversed, with costs and disbursements.