LUCY A. SPENCER, Respondent, *v.* HULDAH E. SPENCER, as Administratrix, etc., Appellant.

| 95 | 353 |
| 78 | AD²174 |

Where a real estate mortgage without an accompanying bond is given upon an advance of money, in the absence of evidence to the contrary, the presumption is that the advance was made upon the terms and conditions contained in the mortgage ; and if the mortgage contains no covenant or promise on the part of the mortgagor to pay the moneys advanced, the mortgagee must look to the mortgaged premises alone for reimbursement. (1 R. S. 738, § 139.)

Where mortgaged premises have been conveyed by the mortgagor, subject to the payment of the mortgage, to the extent of their value the mortgagor occupies the position of and is entitled to the same rights as a surety, and if the holder of the mortgage, by a valid contract with the owner of the equity of redemption, extends the time of payment, the mortgagor, to the extent of such value, is discharged from any personal liability.

(Argued March 6, 1884 ; decided March 21, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order

made July 2, 1883, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This was a submission under the statute of a claim against the estate of Jirah P. Spencer, defendant's intestate.

The contention was principally as to a counter-claim presented by defendant. Plaintiff had executed to said intestate a mortgage securing the payment of $1,292, as specified in the mortgage. The mortgage contained no covenant or promise on the part of the mortgagor to pay, but recited that a bond accompanied it. No bond was produced and the referee found that no bond was in fact executed, also that no pre-existing debt was established. It was proved on the trial that plaintiff conveyed the premises subject to the payment of the mortgage to one Livermore; that said intestate was present at the time of the conveyance and received on behalf of plaintiff the portion of the purchase-price then paid. Defendant after her appointment by written agreement, founded upon a good consideration, made with one Morgan, who then owned the equity of redemption, extended the time for the payment of the mortgage. After the expiration thereof she foreclosed the mortgage by advertisement, and a deficiency arose, the amount whereof defendant sought to counter-claim.

Further facts appear in the opinion.

*M. M. Waters* for appellant. Nothing but a satisfaction of the debt extinguishes the indebtedness, or even extinguishes independent contracts or securities. (*Butler* v. *Miller*, 1 Comst. 496, 500.) As the giving of the bond was affirmatively proved by at least one disinterested, unimpeached, uncontradicted witness, no question of fact as to giving it was presented to the referee. (*Culhane* v. *N. Y. C. R. R. Co.*, 60 N. Y. 133.) To justify the reformation of a written instrument on the ground of mistake in it, the mistake should be proved as much as if admitted. (*Ford* v. *Joyce*, 78 N. Y. 618.) The same question arises in this case as would arise in an action by defendant against Livermore on the covenant in his deed. If the covenant in the deed be valid then the plaintiff was

personally responsible for the debt. (*Trotter* v. *Hughes*, 2 Kern. 74; *King* v. *Whately*, 10 Paige, 465; *Thayer* v. *Marsh*, 75 N. Y. 340, 342; *Beers* v. *Burr*, 24 id. 178; *Vrooman* v. *Turner*, 69 id. 280.) The recital in the mortgage is evidence of the bond, and it need not be produced or its absence accounted for. (*Jackson* v. *Harington*, 9 Cow. 86; *Gaylord* v. *Knapp*, 15 Hun, 89.) As no part of plaintiff's debt has been paid, except the amount realized upon the foreclosure, and as it was not extinguished by the mortgage, it is a proper counter-claim. (*Howe* v. *Fisher*, 2 Barb. Ch. 559–570; *Gaylord* v. *Knapp*, 15 Hun, 87–89.) A foreclosure was not necessary to ripen the demand into a counter-claim. (10 Paige, 595; *Marshall* v. *Davies*, 78 N. Y. 414, 422.) Plaintiff was not discharged from liability by reason of the execution of the instruments purporting to extend the time of payment of the mortgage, as neither the mortgagee, nor the executrix, had notice that Morgan was a grantor, or that he had assumed any liability whatever. (*Marshall* v. *Davies*, 78 N. Y. 415, 420, 421.) The agreements were without consideration, and consequently void. (25 N. Y. 189; 11 Wend. 312; id. 318; 25 N. Y. 189; 30 id. 474; 10 Barb. 312; 11 Wend. 107.) A counter-claim to the extent necessary to extinguish the demand of the claimant was proper. (88 N. Y. 453.)

*C. A. Clark* for respondent. An agreement to refer should present substantially the issues between the parties and is the substitute for the pleadings in an ordinary action. (Redfield's Surrogate's Pr. [2d ed.] 534; *Woodin* v. *Bagley*, 13 Wend. 453–455.) If the estate of Jirah P. Spencer had a demand against the claimant in this proceeding exceeding her claim, his representative should have established it by action. (*Mowry* v. *Peet*, 88 N. Y. 453.) Where a deed contains a covenant upon the part of the grantee to pay a mortgage upon the premises executed by the grantor, the relation of principal and surety is created between the parties, and an agreement by the holder of the mortgage with the grantee to extend the time of payment, made without the consent of the grantor,

discharges the grantor. (*Calvo* v. *Davies*, 73 N. Y. 211 ; *Paine* v. *Jones*, 76 id. 274.) The seal attached to a sealed instrument is presumptive evidence of a sufficient consideration, and the provision of the Revised Statutes does not change the rule of law that parol evidence is inadmissible to contradict or vary a written instrument. (*McCurtis* v. *Stevens*, 13 Wend. 537.) If a consideration is expressed, no proof of its actual payment need be given, and it cannot be controverted by evidence, and it is sufficient, although the amount be only nominal. (*Wood* v. *Chapin*, 13 N. Y. 509–517; *Calkins* v. *Long*, 22 Barb. 99 ; *Dunham* v. *Countryman*, 66 id. 268.) The positive evidence, and all the circumstances and acts of the mortgagee corroborating, overcame the evidence of the recital in the mortgage. (*Gaylord* v. *Knapp*, 15 Hun, 87.) There being no covenant in the mortgage to pay, and no bond, no personal liability of the plaintiff can be implied. (1 R. S. 738, § 139 ; R. S. [Banks' 7th ed.] 2195, § 139 ; *Howe* v. *Fisher*, 2 Barb. Ch. 549.)

RUGER, Ch. J. The referee has found as a fact, upon conflicting evidence, that no bond was given by the plaintiff to accompany the mortgage upon which the defendant's counterclaim in this proceeding is based.

There was evidence to support this finding, and we are concluded by it as to the existence of the fact in dispute. (*Gaylord* v. *Knapp*, 15 Hun, 87.)

He has also found that there was no evidence to establish the fact of a pre-existing debt from the plaintiff to the defendant for which the mortgage was given. Some evidence is produced to show that the defendant's intestate advanced money for the benefit of the plaintiff, at the time the mortgage was executed. In the absence of any evidence to the contrary, we must assume that it was advanced upon the terms and conditions specified in the written contract which was executed at the time of the advances.

This contract did not contain any covenant or promise on the part of the mortgagor to repay the moneys advanced, but

provided in effect that the mortgagee should look to the premises mortgaged, alone, for the reimbursement of his advances. (1 R. S. 2195, § 139.)

The evidence of one witness who testified to the effect that the mortgage was given for an amount due the mortgagee does not specify who it was due from, or the consideration of the indebtedness. Such evidence is properly construed as meaning that it is due and payable according to the terms then provided for its payment. There is no other evidence in the case which is sufficient in law to establish the pre-existence of a debt due to the defendant by plaintiff, when the mortgage was given.

We are, therefore, of the opinion that the defendant's counter-claim was properly rejected by the referee.

We are further of the opinion that if it be conceded that the plaintiff was personally liable either upon a bond or pre-existing indebtedness, for any deficiency, arising upon a sale of the mortgaged premises, that the agreement of October 18, 1878, between the defendant and Morgan, the owner of the equity of redemption, being founded upon a good consideration, and providing for an extension of the time of payment of the mortgage debt, beyond the period fixed therefor by the mortgage, deprived the plaintiff of the privilege, to which she would otherwise be entitled, of paying the debt when it became due, and using the mortgage to reimburse herself to the extent of the value of the land mortgaged for the moneys she had thus paid.

This agreement was a valid contract and would preclude the holder of the mortgage from enforcing it against the land until after the expiration of the extended time.

The defendant's intestate being present and participating in the negotiations which preceded the execution of the contract, whereby Livermore, the plaintiff's grantee, assumed the payment of the mortgage in question, and taking the entire consideration paid by Livermore upon such purchase, in the absence of any request by the defendant for a finding to the

contrary, may be assumed to have taken cognizance of the terms and conditions of the contract, and had notice of the fact that the plaintiff thereby became a mere surety for the payment of the mortgage debt. However this may be, he certainly had notice from the relation of the parties and the nature of a mortgage security, that the land was the primary fund for the payment of the mortgage debt, and to the extent of the value of such land the plaintiff occupied the position of a surety and was entitled upon payment of the mortgage debt to be substituted to the mortgage security as it originally existed, with the right to proceed immediately against the lands for her indemnity.

We recently decided in the case of *Murray* v. *Marshall*,[*] that the grantor of real estate who had conveyed the same subject to the payment of a mortgage, occupied to the extent of the value of the land the position of, and was entitled to the same rights as a surety, and when the holder of the mortgage had by a valid contract with the owner of the equity of redemption postponed the time for its payment beyond the time therein provided, he had so impaired the equitable rights of the mortgagor as to discharge him from liability to the extent of the value of the land mortgaged.

The undisputed evidence in the case shows that the land in question exceeded in value the amount of the mortgage when the agreement of extension was made.

We, therefore, think that by treating with the principal debtor in the manner stated, and dealing with the land which constituted the primary fund for the payment of the mortgage debt in such manner as deprived the plaintiff of her right as a surety to resort to it for her indemnity, the defendant has released her from liability, if any existed, for the payment of the mortgage debt. (*Calvo* v. *Davies*, 73 N. Y. 211; *Paine* v. *Jones*, 76 id. 274.)

There being, therefore, no view of the case under which the plaintiff was liable to the defendant in any sum of money which could be used as an offset in this proceeding, judgment was

[*] 94 N. Y. 611.

properly rendered against her for the balance due on the loan of $708.

The judgment should be affirmed.

All concur.

Judgment affirmed.