WILSON et al. v. LOUISVILLE & N. R. CO. et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. CONNECTING CARRIERS—LOSS OF GOODS—LIABILITY.

   While connecting carriers may become responsible for the default of any one of them in performing transportation under a joint contract, they cannot be made so liable by a mere traffic arrangement between them for division of the receipts or profits of transportation over connecting lines.

   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 740–742, 775–777.]

2. PLEADING.

   Where, in an action against several connecting carriers for failure to deliver freight, the complaint alleged that all the defendants agreed to transport plaintiff's goods from the point of shipment to destination, but it also alleged that one of the defendants, an intervening carrier, received the merchandise at N., and "that it agreed and undertook" for a share of the freight to transport the property to a junction point, and that such intervening carrier did transport the property to such junction point and delivered the same to the succeeding carrier, such allegation controlled the averment that such intervening carrier was a party to a joint through contract, and the complaint as to it failed to state a cause of action.

Appeal from Special Term, New York County.

Action by Harry Wilson and another against the Louisville & Nashville Railroad Company and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. G. Milbank, for appellants.
A. H. Sarasohn, for respondents.

PATTERSON, J. This action is brought against three railroad corporations and a steamship company, jointly, or severally, to re-

cover damages for failure to transport and deliver safely certain personal property which the plaintiffs shipped at the city of Nashville, in the state of Tennessee, to be delivered at Lynbrook, on Long Island, in the state of New York. The Norfolk & Western Railway Company interposed a demurrer to the complaint, which demurrer was overruled, and from the interlocutory judgment thereafter entered that defendant appeals. The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the Norfolk & Western Railway Company.

It is alleged in the complaint that the Louisville & Nashville Railroad Company, the Norfolk & Western Railway Company, the Old Dominion Steamship Company, and the Long Island Railroad Company were and are common carriers; that all of the corporations, except the Long Island Railroad Company, are foreign corporations; that at all times mentioned in the complaint the business of each of the corporations was, and still is, that of a common carrier of goods and merchandise and freight for hire, and "that, by some arrangement or agreement or understanding between each of the said defendant corporations, goods, wares, and merchandise or freight delivered to one of said defendants at one point or city for transportation or carriage to a point or city on the line of another of the defendants were carried by such other defendant under the same contract or terms of carriage agreed upon by the first or receiving carrier"; that the plaintiff, at the city of Nashville, Tenn., delivered to the Louisville & Nashville Railroad Company a number of boxes, cases, and packages of household furniture, machinery, fixtures, merchandise, and stock, which that carrier accepted or received from the plaintiffs, and then and there agreed to and with the plaintiffs, for a consideration or a reward or compensation, to carry and transport safely and securely the said merchandise, stock, raw materials, household furniture, and machinery to the city or place called Lynbrook, on Long Island, and at the last-mentioned place safely and securely to deliver the articles to the plaintiffs or their representatives; that the Louisville & Nashville Railroad Company transported the personal property, or a portion thereof, to Norton, Va., and there, under an arrangement or agreement or understanding with the Norfolk & Western Railway Company, delivered or caused to be delivered the personal property, or a portion thereof, to the last-named company, which defendant, for a certain share of said reward or freight money paid or agreed to be paid for the carriage or transportation of said personal property from Nashville, Tenn., to Lynbrook, on Long Island, agreed and undertook safely and securely to carry and transport the property from Norton, Va., to Norfolk, Va., and did carry and transport the personal property or a portion thereof from Norton to Norfolk, in Virginia, where it was delivered to the Old Dominion Steamship Company, which company received and accepted the personal property or a portion thereof so delivered to it, and then agreed, for a portion of said reward or freight money, to transport safely and securely the personal property from Norfolk to the city of New York. It was delivered to the Long Island Railroad Company, which corporation, in consideration of a certain share of the freight

money, undertook and agreed to transport the personal property safely and securely from the city of New York to Lynbrook, and there safely and securely to deliver it to the plaintiffs. It is then charged in the complaint that the defendants above named, or "either of them and each of them," in breach of their duty as common carriers, did not safely and securely carry and transport the articles of personal property from Nashville to Lynbrook, and did not safely and securely deliver such articles to the plaintiffs, or their representatives, at the terminal point, and each did not safely carry and transport on its line and deliver to the succeeding carrier all of the goods, but that, on the contrary, they, either or each of them, omitted, failed, and neglected to transport safely and securely on their respective lines or roads the personal property, and that the defendant the Long Island Railroad Company omitted, failed, and neglected safely to deliver to the plaintiffs one box or case containing machinery and other personal property, and the plaintiffs have never received from the above-named defendants. such personal property. The theory of the action is that all and each of the corporations are liable by reason of some arrangement or agreement or understanding between them, and that they are to be bound by the undertaking of the initial carrier.

This situation must result from some contract or agreement which would constitute the defendants joint contractors or make them partners in the transportation business, or from the assumption by each of liability. That a joint contract is permissible, and that all may be held responsible for the default of any one of the carriers in performing the contract of transportation, must be conceded. Swift v. Pacific Mail Steamship Co., 106 N. Y. 206, 12 N. E. 583. But, at the same time, a mere traffic arrangement for a division of receipts or the profits of transportation among different corporations forming connecting lines of transportation does not create a joint contract or a partnership. Merrick v. Gordon, 20 N. Y. 96. The allegation of the complaint with respect to the Norfolk & Western Railway Company is, specifically, that it received the merchandise, or a portion thereof, at Norton, and that it agreed and undertook, for a certain share of the reward or freight money paid or agreed to be paid for the carriage or transportation of the personal property, to carry and transport safely and securely the said personal property from Norton, Va., to Norfolk, Va., and that the said defendant Norfolk & Western Railway Company did carry and transport the said personal property, or a portion thereof, from the said city or place called Norton, Va., to the said city or place called Norfolk, Va., and at the last-mentioned place delivered the said personal property, or a portion thereof, to the defendant the Old Dominion Steamship Company. Whether a complaint states a cause of action must be determined by considering as well the allegations of the complaint tending to discharge, as those tending to charge, the defendant. Calvo v. Davies, 73 N. Y. 211, 29 Am. Rep. 130. Here is a distinct and positive statement of the obligation resting upon the Norfolk & Western Railway Company. It discloses the nature of the agreement or understanding referred to in other allegations of the complaint. The whole obligation of the Norfolk & Western Rail-

way Company with respect to the goods is stated in plain and precise words. There is no averment in the complaint that any portion of the property received by the Norfolk & Western Railway Company was not delivered to the next carrier, but the contrary appears. The allegation is that the first carrier delivered to the Norfolk & Western Railway Company the personal property, or a portion thereof, and that the Norfolk & Western Railway Company delivered what it received to the Old Dominion Steamship Company. The allegation is of performance by the Norfolk & Western Railway Company of all that it was obliged to do, namely, to deliver that which it received at Norton to the Old Dominion Steamship Company at Norfolk. This precise statement of the duty and obligations of the demurrant controls the general allegation of there being some arrangement or understanding between it and the other defendant, for it declares and defines just what that defendant undertook and agreed to do.

We are of opinion, therefore, that the demurrer should have been sustained, and that the interlocutory judgment must be reversed, with costs, with liberty to the plaintiffs to amend the complaint within 20 days after the entry and service of the order to be made hereon, and upon payment of the costs of this appeal and of the costs in the court below. All concur.