HARRY WILSON and ISAAC ISRAELSON, Respondents, *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY and Others, Defendants, Impleaded with NORFOLK AND WESTERN RAILWAY COMPANY, Appellant.

*Connecting common carrier — when not liable for the default of any other carriers in the transportation of merchandise — what considered in ascertaining the proper construction of a complaint.*

The complaint in an action alleged that the defendants, the Louisville and Nashville Railroad Company, the Norfolk and Western Railway Company, the Old Dominion Steamship Company and the Long Island Railroad Company were common carriers of goods and merchandise and freight for hire, and "that by some arrangement or agreement or understanding between each of the said defendant corporations, goods, wares and merchandise or freight delivered to one of said defendants at one point or city for transportation or carriage to a point or city on the line of another of the defendants were carried by such other defendant under the same contract *or terms of carriage* agreed upon by the first or receiving carrier;" that the plaintiffs at the city of Nashville, Tenn., delivered to the Louisville and Nashville Railroad Company certain merchandise which that carrier, for hire, agreed to transport to Lynbrook, Long Island; that the Louisville and Nashville Railroad Company transported the personal property or a portion thereof to Norton, Va., and there under an arrangement or agreement or understanding with the Norfolk and Western Railway Company delivered or caused to be delivered the personal property or a portion thereof to the last-named company, which defendant, for a certain share of said reward or freight money paid or agreed to be paid for the carriage or transportation of said personal property from Nashville, Tenn., to Lynbrook, Long Island, agreed and undertook safely and securely to carry and transport the property *from Norton, Va., to Norfolk,* Va., and did carry and transport the personal property or a portion thereof from Norton to Norfolk, in Virginia, where it was delivered to the Old Dominion Steamship Company, which company received and accepted the personal property or a portion thereof so delivered to it, and then agreed, for a portion of said reward or freight money, to transport safely and securely the personal property from Norfolk to the city of New York, where it was delivered to the Long Island Railroad Company, which corporation, in consideration of a certain share of the freight money, undertook and agreed to transport the personal property safely and securely from the city of New York to Lynbrook, and there safely and securely to deliver it to the plaintiffs.

The complaint further alleged that the defendants or "either of them and each of them," in breach of their duty as common carriers, did not safely and securely carry and transport the articles of personal property from Nashville to Lynbrook, and did not safely and securely deliver such articles to the plaintiffs or their representatives at the terminal point; and each did not safely

carry and transport on its line and deliver to the succeeding carrier all of the goods, but that, on the contrary, they, either or each of them, omitted, failed and neglected to transport safely and securely on their respective lines or roads the personal property, and that the defendant the Long Island Railroad Company omitted, failed and neglected safely to deliver to the plaintiffs said merchandise.

*Held,* that connecting carriers may make a joint contract for the carriage of goods so that each carrier may be responsible for the default of any one of the other carriers, but that this situation must result from some contract or agreement which will constitute the connecting carriers joint contractors or partners, or by which they assume such liability;

That a mere traffic arrangement among connecting carriers for the division of the receipts or profits of transportation does not constitute such a joint contract or partnership;

That the complaint did not state a cause of action against the Norfolk and Western Railway Company, for the reason that the allegation of the complaint with respect to that company, to wit, that it *agreed and undertook,* for a certain share of the reward or freight money paid or agreed to be paid for the carriage or transportation of the personal property, to carry and transport safely and securely the said personal property *from Norton,* Va., *to Norfolk,* Va., and that the said defendant Norfolk and Western Railway Company did carry and transport the said personal property or a portion thereof from the said city or place called Norton, Va., to the said city or place called Norfolk, Va., and at the last-mentioned place delivered the said personal property or a portion thereof to the defendant the Old Dominion Steamship Company, did not show that the Norfolk and Western Railway Company had entered into such a contract with the other connecting carriers as would make it liable for their default, and for the further reason that it appeared from such allegation that it had performed the entire obligation resting upon it by delivering the property received by it to the next carrier;

That the precise statement of the duty and obligations of the Norfolk and Western Railway Company contained in the last-mentioned allegation controlled the general allegation, previously made in the complaint, that there was *some* arrangement or understanding between it and the other defendants whereby each of the defendants transported goods upon the terms of carriage agreed upon by the receiving carrier;

That whether a complaint states a cause of action must be determined by considering as well the allegations of the complaint tending to discharge the defendant as those tending to charge him.

APPEAL by the defendant, the Norfolk and Western Railway Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 2d day of November, 1904, upon the decision of the court, rendered after a trial at the New York Special

Term, overruling the said defendant's demurrer to the plaintiffs' complaint.

*Albert G. Milbank,* for the appellant.

*Abraham H. Sarasohn,* for the respondents.

PATTERSON, J. :

This action is brought against three railroad corporations and a steamship company, jointly or severally, to recover damages for failure to transport and deliver safely certain personal property which the plaintiffs shipped at the city of Nashville, in the State of Tennessee, to be delivered at Lynbrook on Long Island in the State of New York. The Norfolk and Western Railway Company interposed a demurrer to the complaint, which demurrer was overruled, and from the interlocutory judgment thereafter entered that defendant appeals. The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the Norfolk and Western Railway Company.

It is alleged in the complaint that the Louisville and Nashville Railroad Company, the Norfolk and Western Railway Company, the Old Dominion Steamship Company and the Long Island Railroad Company were and are common carriers; that all of the corporations, except the Long Island Railroad Company, are foreign corporations; that at all times mentioned in the complaint the business of each of the corporations was and still is that of a common carrier of goods and merchandise and freight for hire, and " that by some arrangement or agreement or understanding between each of the said defendant corporations, goods, wares and merchandise or freight delivered to one of said defendants at one point or city for transportation or carriage to a point or city on the line of another of the defendants were carried by such other defendant under the same contract *or terms of carriage* agreed upon by the first or receiving carrier;" that the plaintiff at the city of Nashville, Tenn., delivered to the Louisville and Nashville Railroad Company a number of boxes, cases and packages of household furniture, machinery, fixtures, merchandise and stock which that carrier accepted or received from the plaintiffs and then and there agreed to and with the plaintiffs for a consideration or a reward or compensation to carry and transport safely and securely the said mer-

chandise, stock, raw materials, household furniture and machinery to the city or place called Lynbrook on Long Island, and at the last-mentioned place safely and securely to deliver the articles to the plaintiffs or their representatives; that the Louisville and Nashville Railroad Company transported the personal property or a portion thereof to Norton, Va., and there under an arrangement or agreement or understanding with the Norfolk and Western Railway Company delivered or caused to be delivered the personal property or a portion thereof to the last-named company, which defendant, for a certain share of said reward or freight money paid or agreed to be paid for the carriage or transportation of said personal property from Nashville, Tenn., to Lynbrook, on Long Island, agreed and undertook safely and securely to carry and transport the property *from Norton,* Va., *to Norfolk,* Va., and did carry and transport the personal property or a portion thereof from Norton to Norfolk, in Virginia, where it was delivered to the Old Dominion Steamship Company, which company received and accepted the personal property or a portion thereof so delivered to it, and then agreed, for a portion of said reward or freight money, to transport safely and securely the personal property from Norfolk to the city of New York, where it was delivered to the Long Island Railroad Company, which corporation, in consideration of a certain share of the freight money, undertook and agreed to transport the personal property safely and securely from the city of New York to Lynbrook, and there safely and securely to deliver it to the plaintiffs. It is then charged in the complaint that the defendants above named or " either of them and each of them," in breach of their duty as common carriers, did not safely and securely carry and transport the articles of personal property from Nashville to Lynbrook, and did not safely and securely deliver such articles to the plaintiffs or their representatives at the terminal point; and each did not safely carry and transport on its line and deliver to the succeeding carrier all of the goods, but that, on the contrary, they, either or each of them, omitted, failed and neglected to transport safely and securely on their respective lines or roads the personal property, and that the defendant the Long Island Railroad Company omitted, failed and neglected safely to deliver to the plaintiffs one box or case containing machinery and other personal property,

and the plaintiffs have never received from the above-named defendants such personal property.

The theory of the action is that all and each of the corporations are liable by reason of some arrangement or agreement or understanding between them and that they are to be bound by the undertaking of the initial carrier.

That situation must result from some contract or agreement which would constitute the defendants joint contractors or make them partners in the transportation business, or from the assumption by each of liability. That a joint contract is permissible and that all may be held responsible for the default of any one of the carriers in performing the contract of transportation must be conceded. (*Swift* v. *Pacific Mail Steamship Co.*, 106 N. Y. 206.) But at the same time a mere traffic arrangement for a division of receipts or the profits of transportation among different corporations forming connecting lines of transportation does not create a joint contract or a partnership. (*Merrick* v. *Gordon*, 20 N. Y. 96.)

The allegation of the complaint with respect to the Norfolk and Western Railway Company is specifically that it received the merchandise or a portion thereof at Norton, and that it *agreed and undertook*, for a certain share of the reward or freight money paid or agreed to be paid for the carriage or transportation of the personal property, to carry and transport safely and securely the said personal property *from Norton*, Va., *to Norfolk*, Va., and that the said defendant Norfolk and Western Railway Company did carry and transport the said personal property or a portion thereof from the said city or place called Norton, Va., to the said city or place called Norfolk, Va., and at the last-mentioned place delivered the said personal property or a portion thereof to the defendant the Old Dominion Steamship Company. Whether a complaint states a cause of action must be determined by considering as well its allegations tending to discharge as those tending to charge the defendant. (*Calvo* v. *Davies*, 73 N. Y. 211.)

Here is a distinct and positive statement of the obligation resting upon the Norfolk and Western Railway Company. It discloses the nature of the agreement or understanding referred to in other allegations of the complaint. The whole obligation of the Norfolk and Western Railway Company with respect to the goods is stated in

208    PEOPLE ex rel. McINNES v. COLUMBIA BAG CO.

·First Department, April, 1905.                    [Vol. 103.

plain and precise words. There is no averment in the complaint that any portion of the property received by the Norfolk and Western Railway Company was not delivered to the next carrier, but the contrary appears. The allegation is that the first carrier delivered to the Norfolk and Western Railway Company the personal property or a portion thereof, and that the Norfolk and Western Railway Company delivered what it received to the Old Dominion Steamship Company. The allegation is of performance by the Norfolk and Western Railway Company of all that it was obliged to do, namely, to deliver that which it received at Norton to the Old Dominion Steamship Company at Norfolk. This precise statement of the duty and obligations of the demurrant controls the general allegation of there being *some* arrangement or understanding between it and the other defendant, for it declares and defines just what that defendant undertook and agreed to do.

We are of opinion, therefore, that the demurrer should have been sustained and that the interlocutory judgment must be reversed, with costs, with liberty to the plaintiffs to amend the complaint within twenty days after the entry and service of the order to be made hereon, and upon payment of the costs of this appeal and of the costs in the court below.

Van Brunt, P. J., Ingraham, McLaughlin and Laughlin, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff to amend on payment of costs in this court and in the court below.