Catherine L. Meuser, Plaintiff, *v.* Ray V. Kirschbaum et al., Defendants.

(Supreme Court, New York Special Term, February, 1914.)

Mortgages — foreclosure of — assumption of payment of mortgage by deed — extension of time of payment — when allegation in complaint insufficient — deeds.

Where a grantee of mortgaged premises or any other intermediate owner thereof by his deed assumes payment of the mortgage, the mortgagor is released from liability on the accompanying bond, where without his consent the time of payment of the mortgage is extended by agreement between the mortgagee and the grantee.

Supreme Court, February, 1914.      [Vol. 84.

Where the grantee did not assume payment of the mortgage the mortgagor in such case is exonerated from his liability on the bond only to the extent of the value of the mortgaged premises at the time the extension agreement was made.

The complaint in an action to foreclose said mortgage which does not allege that its payment was assumed by subsequent grantees is insufficient as against the original mortgagor in the absence of an allegation that at the time of the making of the extension agreement the premises were worth less than the amount due on the mortgage.

Motion for judgment on the pleadings.

Thomas J. Farrell, for motion.

Samuel A. Potter, for defendant Charles H. Potter, opposed.

Giegerich, J. In an action brought to foreclose a mortgage the plaintiff demands judgment for any deficiency that may result against the defendants Charles H. Potter and Ray V. Kirschbaum. The defendant Potter has demurred to the complaint on the ground that the facts set forth do not constitute a cause of action against him, and the plaintiff has moved for judgment on the pleadings and for an order of reference to compute the amount due to the plaintiff. The facts alleged, briefly stated, are that Potter on the 9th day of July, 1906, gave his bond, payable on the 9th day of July, 1911, and also gave the usual mortgage as collateral security. It is also alleged " that since the making and delivery of said mortgage said mortgaged premises were conveyed to the said defendant Ray V. Kirschbaum by deed dated March 17, 1908, and made and delivered to her by one Lulu Banford;" and, further, that on the 21st day of April, 1911, the defendant Ray V. Kirschbaum, who was then the owner of the mortgaged premises, and the plaintiff made an

agreement extending the time of payment until the 9th day of July, 1914, and that by said agreement the said defendant Ray V. Kirschbaum expressly assumed the bond and mortgage and agreed to pay the principal sum and interest as therein provided. The argument on both sides is directed to the question whether the allegations made entitle the plaintiff to judgment against the defendant Potter for the deficiency in the event that there is a deficiency after the sale, and I shall decide the demurrer on this ground. On behalf of the defendant Potter it is argued that this case falls within the authority of *Calvo* v. *Davies,* 73 N. Y. 211, while the plaintiff argues that it is controlled by *Murray* v. *Marshall,* 94 N. Y. 611; *Spencer* v. *Spencer,* 95 N. Y. 353, and *Union Bank* v. *Rubenstein,* 78 Misc. Rep. 461. The important distinction between the *Calvo* case and the last three cases just cited is this: That in the *Calvo* case the grantee and owner of the equity with whom the mortgagee made the extension agreement had covenanted when he took the convey- ance from his grantor to pay the mortgage debt, while in the other three cases the grantee and owner of the equity whose time to pay the mortgage was extended was under no personal obligation to pay the debt, but had in each case taken the property subject to the mortgage, without a covenant to pay the amount. Consequently in the *Calvo* case it was held that the agreement by the creditor with the principal debtor (that is, the grantee who had assumed payment of the mortgage) extending the time for the payment of the debt without the consent of the surety (the original mortgagor and the grantor) discharged the latter. But in the other three cases there was no principal debtor nor any personal liability of anybody standing between the original owner and his liability on his bond. The only thing that stood between him and

such liability was the value of the mortgaged property, and consequently in such cases an extension of the time for payment of the mortgage does not release him entirely from his obligation on his bond, but only to the extent of the value of the property at the time when the extension agreement was made. In the present case, as will be observed from the above statement of the allegations of the complaint, it is not disclosed just how the title passed from the defendant Potter to the defendant Ray V. Kirschbaum, although it does appear that one Lulu Banford was an intermediate owner. If she or any other intermediate owner assumed the payment of the mortgage debt, then this case comes in the class with *Calvo* v. *Davies,* and such extension released the defendant Potter from all obligation on his bond and no cause of action is stated against him. If, on the other hand, there was no such assumption of the payment of the mortgage debt by Lulu Banford or any other intermediate owner, then the defendant Potter was exonerated from his liability on his bond only to the extent of the value of the mortgaged property at the time the extension agreement was made with the defendant Ray V. Kirschbaum. In that event, before a cause of action is stated against him upon his bond, the complaint should go further and allege that at the time such extension agreement was made with Kirschbaum the premises were worth less than the amount due on the mortgage. In either aspect therefore the complaint is insufficient, and the plaintiff's motion for judgment upon the pleadings must be denied, with ten dollars costs, but with leave to the plaintiff to amend within twenty days after the order to be entered hereon and upon payment of such costs.

Motion denied.