MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.*
J. H. C. CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, June 6, 1946.

*Vincent Keane* and *Louis W. Dawson* for plaintiff.

*Chauncey F. Kingsley* and *Robert B. Knowles* for J. H. C.
Corporation, defendant.

SCHREIBER, J. Where a mortgagee enters into an extension
agreement with one who has assumed liability on the mortgage,
without the consent of the original mortgagor, the latter is
discharged. This is not so, however, if the extension agree-
ment contains an express reservation of the mortgagee's rights
against the original mortgagor, for such reservation has the
effect of preserving the mortgagor's right of subrogation in
the event that the mortgagor pays the mortgage and seeks
indemnification from the grantee who had assumed the mort-
gage (*Calvo v. Davies,* 73 N. Y. 211, 216–217; see, also, *National
Park Bank v. Koehler,* 204 N. Y. 174; *National Bank of New-
burgh v. Bigler,* 83 N. Y. 51, 66; Restatement, Security, § 129,
p. 348). In such a case, the mortgagor may sue the grantee
notwithstanding the fact that the term of the extension agree-

ment has not yet expired. The only differences between the instant case and *Calvo* v. *Davies* (*supra*) are (1) that here the mortgagor is a quasi surety, having an equity similar to that of a surety, to the extent of the value of the land (*Murray* v. *Marshall*, 94 N. Y. 611), while in *Calvo* v. *Davies* (*supra*) the mortgagor was a surety for the entire amount of the mortgage indebtedness, and (2) that in the instant case there was an express reservation of rights which the court in *Calvo* v. *Davies* (*supra*) found to be lacking. A reservation which would be effectual to preserve the liability of a mortgagor who was surety for the full indebtedness should, a fortiori, be effective to save the liability of a mortgagor who is a quasi surety to the extent of the value of the land.

Motion granted. Settle order.