(82 Misc. Rep. 415.)

GREENBERG et al. v. GINSBERG et al.

(Supreme Court, Appellate Term, First Department. November 10, 1913.)

BILLS AND NOTES (§ 301*)—DISCHARGE OF INDORSER—EXTENSION OF TIME OF PAYMENT.

After the maturity of a number of notes, the holder and maker entered into an agreement by which the maker was to execute and deliver a participation certificate in a mortgage in part payment of the notes, and execute new notes for the balance due; the agreement further providing that the acceptance of such notes should not be construed to relieve, release, or discharge the parties thereto from the indebtedness previously accruing, that such liability should remain in full force and effect until full payment of the amounts due, and that the makers should have renewals of such notes for reasonable lengths of time upon payment of a small amount. The original notes were surrendered to the maker. *Held* that, under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 201, subd. 6, providing that a person secondarily liable on a negotiable instrument is discharged by any agreement binding upon the holder to extend the time of payment or to postpone the holder's right to enforce the instrument, unless the right of recourse against such party is expressly reserved, an indorser who was not a party to such agreement was discharged from liability on the original notes, since the effect of the agreement was to extend the time of payment of such notes and to make it impossible for the indorser upon payment thereof to proceed against the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

maker in subrogation of the holder's rights, at least during the time for which the extension was granted, and the provision that the agreement should not release or discharge the parties thereto from the previous indebtedness was not a reservation of the holder's rights against the indorser, who was not a party thereto.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 706–721; Dec. Dig. § 301.*]

Appeal from City Court of New York, Special Term.

Action by Isaac Greenberg and another against Harry Ginsberg and others. From an order denying his motion to vacate and set aside a judgment against him, the defendant named appeals. Reversed, and judgment vacated.

Argued November term, 1913, before ,LEHMAN, PAGE, and WHITAKER, JJ.

Foster & Cunningham, of New York City (Jos. J. Cunningham, of New York City, of counsel), for appellant.

Loeb, Bernstein & Ash, of New York City (Max Ash, of New York City, of counsel), for respondents.

PAGE, J. The plaintiffs furnished labor and material to the Gingold Realty Company, a corporation, and received in payment a number of promissory notes, executed by the Gingold Realty Company as maker, payable to the order of the plaintiffs, and indorsed by Abraham J. Goldstein, Moses A. Goldstein, and Harry Ginsberg, the appellant. After the maturity of these notes the plaintiffs entered into an agreement in writing with the Gingold Realty Company and Abraham J. Goldstein, dated September 27, 1912, which provided that the Gingold Realty Company should execute and deliver to the plaintiffs a participation certificate for $1,000 in a mortgage on New York City real estate in part payment of the amount due upon the notes and contained the further provisions as follows:

"Fourth. It is expressly understood and agreed that the remaining $1,028.47 due to the parties of the first part after the participation of $1,000 in the first mortgage, as hereinbefore described and agreed, shall be paid by notes executed by the Gingold Realty Company and indorsed by Abraham J. Goldstein in the following sums and due at the following time: $328.47 three months after the date of execution; $300 four months after the date of execution; $400 four and one-half months after the date of execution.

"Fifth. It is expressly understood and agreed that the acceptance of such notes for the indebtedness herein set forth shall nowise be construed to relieve, release, or discharge the parties hereto from the indebtedness previously accruing, and the liability shall remain in full force and effect until full payment of the amounts shall be made as herein set forth. That it is understood and agreed that the Gingold Realty Company and Abraham J. Goldstein shall have renewals of said notes herein mentioned for reasonable lengths of time upon payment of a small amount on said notes. * * *"

The participation certificate and the new notes were accepted by the plaintiffs pursuant to this agreement, and the old notes, including the one here in suit, were surrendered to the Gingold Realty Company, the maker and primary debtor. During all this time an action had been pending in the City Court against maker and indorsers of the last of

the old notes, which was one for $500, dated November 6, 1911. Aft-
·er the acceptance of the participation certificate and new notes by the
plaintiffs as above set forth, and on March 3, 1913, the plaintiffs en-
tered judgment by default against the defendant appellant, Harry
·Ginsberg, as indorser, for $550.30, which included protest fees, in-
terest, and costs. The appellant moved to vacate the judgment on
the ground that he had been discharged as indorser by the actions of
the plaintiffs before the judgment was entered. This appeal is taken
from the order denying his motion.

It is a well-established rule of law that an indorser of negotiable
paper, like any surety, is entitled to have the engagement of the prin-
cipal debtor preserved without variation, and any change or extension
of time granted by the holder to the maker of a promissory note with-
out the consent of the indorser discharges his liability as indorser un-
less the right of recourse against the indorser is expressly reserved.
Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 201, subd.
6. Both the object and effect of the agreement and subsequent trans-
action above set forth was undoubtedly to extend the time of payment
of the old notes for the benefit of the maker, and as this defendant,
Harry Ginsberg, was not a party to the agreement and in no way con-
sented to it, his liability as indorser upon the note in suit was dis-
charged (Dorlon v. Christie, 39 Barb. 610; Pomeroy v. Tanner, 70 N.
Y. 547; Hubbard v. Gurney, 64 N. Y. 458), and the fact that the ex-
tension was granted after the maturity of the note is immaterial.

The plaintiffs attempt to take the case out of the operation of this
rule by virtue of the fifth clause of their agreement above set forth,
which they claim amounted to a reservation of their rights against the
indorser. The agreement merely states, however, that the acceptance
of the notes "shall nowise be construed to relieve, release, or discharge
*the parties hereto* from the indebtedness previously accruing, and the
liability shall remain in full force and effect until full payment of the
amounts shall be made as herein set forth." Ginsberg was not, how-
ever, one of the parties to the agreement, and it is difficult to spell any
reservation against him out of the language of the agreement. The
entire transaction, including the surrender of the notes to the maker,
would negative such a construction. Had Ginsberg determined to
pay the note in suit after the execution of the above agreement, it
would have been impossible for him to proceed against the maker in
subrogation of the plaintiffs' rights and recover back the money which
he had paid (Calvo v. Davies, 73 N. Y. 211, 29 Am. Rep. 130), at least
during the interval for which the extension was granted. As indorser
he is entitled to a strict application of the rule above stated, and under
it he was undoubtedly discharged. National Park Bank v. Koehler,
204 N. Y. 174, 97 N. E. 468.

The order appealed from is reversed, with $10 costs and disburse-
ments, and the judgment vacated. All concur.