BARNET KIRCHSTEIN, Plaintiff, *v.* LOUIS DREAZEN and LOUIS GOLDFARB, Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District, February 7, 1927.

Bills and notes — action by payee of promissory note to recover from indorsers balance due thereon — evidence shows maker of note gave post-dated checks to payee, who accepted them — payee's action operated as extension of credit to maker and automatically discharged indorsers.

Plaintiff, payee of a promissory note on which the defendants were indorsers, is not entitled to recover the balance due thereon, where it appears that the maker of the note gave plaintiff several post-dated checks, some of which were paid when presented, since plaintiff's acceptance of said checks operated as an extension of credit to the maker, which automatically released and discharged the indorsers from all liability.

ACTION by payee of promissory note to recover from the indorsers the balance due thereon.

*Abraham Sarasohn,* for the plaintiff.

*Lind & Marks,* for the defendant Dreazen.

*Jacob L. Grubel,* for the defendant Goldfarb.

PANKEN, J.  Erudite counsel cites the wisdom of King Solomon in support of the plaintiff's position.  King Solomon's wisdom cannot be doubted, for he was indeed wise.  He uttered many poetic truths.

The plaintiff in this action is the payee of a promissory note made by Herman Dubrew and indorsed by the defendants herein.  Dubrew is not made a party defendant.  The defendants are sought to be held by the plaintiff herein as such indorsers.  The note was due on the 19th of October, 1922.

Both defendants deny that due notice of the dishonor of the paper by the maker has been given them.  Plaintiff's counsel referred me to chapter 6 of Proverbs, which reads:

" 1. My son, if thou be surety for thy friend, if thou hast stricken thy hand with a stranger,

" 2. Thou art snared with the words of thy mouth, thou art taken with the words of thy mouth.

" 3. Do this now, my son, and deliver thyself, when thou art come into the hand of thy friend; go, humble thyself, and make sure thy friend.

" 4. Give not sleep to thine eyes, nor slumber to thine eyelids.

" 5. Deliver thyself as a roe from the hand of the hunter, and as a bird from the hand of the fowler."

Precepts are often the result of constant usage.  Our concepts of justice may be traced back into the dim distance of antiquity.  In the adjustment of differences between parties rules have been set up for future guidance.  Decisions become the basis of future determinations.  The wisdom of Solomon cited by counsel may rest upon precepts evolved as the result of the adjustment of differences between parties antedating King Solomon.  Undoubtedly this is the basis upon which we have arrived at the modern concepts of law governing the obligations of sureties.

The defendants in this case have signed their names to the instrument in evidence as sureties guaranteeing the payment of the face amount to the payee in the event the maker defaults.

To hold these defendants for the payment of either the whole or part of the face amount of the note, each of them was entitled to notice from the plaintiff of the dishonor on the part of the maker of same.  There has been some proof submitted of notice having been given to each of these defendants.  That proof is rather unsatisfactory.  Alfred E. Smith was called as a witness.  Plaintiff relies upon his testimony to prove the notice of protest of non-

payment of the note in evidence. His testimony was truthful, but it did not satisfy me wholly that the notice of dishonor was given to the defendants in due course and in due time.

Aside from that, however — and it is upon that question that I am determining the case — the defendants resist the plaintiff's claim on the theory that there was an extension of credit to the maker of the note beyond and subsequent to the due date. There was also the additional defense of payment. The maker's testimony as to the payment by him of the note, excepting a small sum, has not been sustained.

It appears from the evidence in the case that the plaintiff received from the maker sixteen post-dated checks, each for the sum of twenty-five dollars. It is conceded that five of these checks were paid when presented. The other eleven checks were not redeemed. It is the sum represented by these eleven checks for which the plaintiff now sues, though he does not sue upon the checks.

There is a long line of decisions in our jurisdiction which hold conclusively that where the principal extends credit, the sureties are by the extension of that credit discharged and released from the obligation undertaken by them to the principal. So that where the maker of a note which may have been protested for non-payment, and the indorsers received due notice of dishonor, gives his post-dated checks to the holder thereof, and the holder accepts such checks, the action of the holder will operate as an extension of time or credit to the maker, and thus the indorsers on the note will be discharged.

In the case of *Greenberg* v. *Ginsberg* (82 Misc. 415) the court says: " The new notes were accepted by the plaintiffs pursuant to this agreement and the old notes, including the one here in suit, were surrendered    *    *    *.

" It is a well-established rule of law that an indorser of negotiable paper, like any surety, is entitled to have the engagement of the principal debtor preserved without variation, and any change or extension of time granted by the holder to the maker of a promissory note without the consent of the indorser discharges his liability as indorser unless the right of recourse against the indorser is expressly reserved."

The right of recourse as against the indorser may not be reserved without his consent. He " is entitled to have the engagement of the principal debtor preserved without variation." An extension of time in which to pay the obligation is a variation of the engagement in behalf of the principal debtor.

In the case of *National Park Bank* v. *Koehler* (204 N. Y. 174) the second headnote reads: " The creditor may arrange with his

debtor in any way which does not effect either of these results, but to prevent a discharge of the indorser or surety the agreement must expressly reserve all the remedies of the creditor against him; in which case the latter will be in a position to pay immediately and then to proceed against the principal debtor."

And then again in the headnote the following appears: " That since the obligation of an indorser as a surety is *strictissimi juris*, he is entitled to insist that, within the strict application of the rule in such cases, he was released from his obligation by an agreement of the creditor with the principal debtor, to which he had not consented and which extended the latter's time of payment of its indebtedness."

In the body of the opinion the court says: " It is a rule, long recognized, that an accommodation indorser, or surety, is entitled to have the engagement of the principal debtor preserved, without variation in its terms, and that his assent to any change therein is essential to the continuance of his obl'gation. The reason of the rule is that his right must not be affected, upon the maturity of the indebtedness, to make payment and, by subrogation to the creditor's place, to, at once, proceed against the principal debtor to enforce repayment."

Applying these rules laid down in the two cases above cited, the question is, could the defendants herein have proceeded as against the maker to enforce payment of the unpaid portion of the note in evidence? An action by the defendant as against the maker could have been met by the defense that his credit had been extended, as evidenced by the sixteen checks which were received and accepted by the payee, and that an extension of credit was given him by the payee.

I am referred to the case of *Union Trust Company* v. *McCrum* (145 App. Div. 409) in which appears the following language: " When plaintiff without defendant's knowledge or consent took a new note from the Currant Company it extended the time for the payment of the loan and thereby discharged defendant, for an indorser is discharged ' by any agreement binding upon the holder to extend the time of payment or to postpone the holder's right to enforce the instrument.' "

In the instant case the acceptance by the holder of the note, who is the payee, of the sixteen checks, was an agreement binding upon him to extend the time of payment and to postpone the holder's right to enforce the obligation undertaken by the principal debtor, and, therefore, discharged the indorsers from their obligation to him.

It may be that it was not the intention of the principal debtor

to discharge the indorsers in accepting these sixteen checks. It nevertheless changed the status of the indorsers upon the note. He had obtained no consent from the defendants herein to the extension of time for the payment of the unpaid portion of the note by the maker, in order to reserve his right as against them.

The wisdom of King Solomon is invoked again. In chapter 7 of Proverbs he says:

" 1. My son, keep my words, and lay up my commandments with thee.

" 2. Keep my commandments, and live; and my law as the apple of thine eye.

" 3. Bind them upon thy fingers, write them upon the table of thine heart.

" 4. Say unto wisdom, Thou art my sister; and call understanding thy kinswoman."

The plaintiff in this case has laid upon himself commandments. He should have acted in response to wisdom.

Evidently the plaintiff did not think the maker deserved credit at the time of the execution of the note. He may not have deserved any greater credit at the time of the acceptance of the checks by the plaintiff. The plaintiff may not have acted wisely, but the consequences of his lack of wisdom are not to be borne by the defendants herein.

Judgment for the defendants.